**T. J. STEVENSON & CO., Inc.,**
Libelant,

v.

**THE M/S DUNDALK BAY, her engines, etc., and Henry P. Lenaghan & Sons, Ltd., Respondents,**
Henry P. Lenaghan & Sons, Ltd.,
Claimant.

United States District Court
S. D. New York.
Dec. 7, 1956.

Adhered to On Reargument
Jan. 4, 1957.

Nelson, Healy, Baillie & Burke, New York City, for claimant-respondent and cross-libelant.

Foley, James & Conran, New York City, for cross-respondent and libelant.

SUGARMAN, District Judge.

T. J. Stevenson & Co., Inc., (Stevenson) chartered from Henry P. Lenaghan & Sons, Ltd., (Lenaghan) the M/S Dundalk Bay by Charter Party dated February 15, 1954.

The parties became involved in a dispute over their respective rights and obligations under the Charter whereupon Stevenson on May 7, 1954 filed a libel against the vessel.[1] In the libel Lenaghan was named a party respondent. Lenaghan's answer as respondent and claimant was filed on August 18, 1954.

On September 1, 1955, Stevenson filed a "Notice of Readiness for Trial" whereby its proctors certified that the suit was ready for trial and should be assigned to a trial part for trial.

On February 6, 1956, Lenaghan filed its cross-libel[2] against Stevenson alleging the latter's breach of the Charter Party and claiming money damages.

In the suit commenced on May 7, 1954, Stevenson now moves (Motion 158) "for an order pursuant to Section 3 of the United States Arbitration Act [9 U.S. C.A. § 3] directing Henry P. Lenaghan & Sons, Ltd., respondent and claimant herein, to proceed with arbitration of the issues pursuant to Clause 17 of the Charter Party of the M/S Dundalk Bay between the parties herein dated February 15, 1954, and staying all proceedings herein until arbitration of the issues by the parties has been heard in accordance with Clause 17 of the aforesaid Charter Party.".

In the cross-suit, Stevenson moves (Motion 157) "for an order pursuant to Section 3 of the United States Arbitration Act staying all proceedings herein by or on behalf of Henry P. Lenaghan & Sons, Ltd., cross-libellant, against T. J. Stevenson & Co., Inc., cross-respondent, until arbitration of the issues by the said parties has been heard in accordance with Clause 17 of the Charter Party of the M/S Dundalk Bay, dated February 15, 1954, and directing Henry P. Lenaghan & Sons, Ltd. to proceed with arbitration pursuant to said Charter Party.".

Lenaghan's opposition to granting the relief sought is based on a contention that movant waived its right to arbitration under the Charter Party by its unequivocal conduct.

■ Were Motion 158 alone before me, I would find that movant did waive its right to have the issues raised by the pleadings in that suit referred to arbitration. Its conduct unmistakably shows that Stevenson abandoned arbitration in favor of trial in the Admiralty.

However, arbitration of the issues raised by the cross-libel and the answer thereto cannot be deemed to have been waived by movant by conduct preceding the filing of the cross-libel.

Essentially, the main issue in both suits is the same, viz., Was the charterer at fault in redelivering the vessel to the owner before the expiration of the Charter Party.

It is clear that Stevenson was willing to have its claim for damages adjudicated in Admiralty but, it was not willing to have Lenaghan's claim against it determined except in arbitration.

■ Does Stevenson's earlier conduct preclude the granting of the present motions? I think not. When the movant elected to abandon arbitration there was no intimation in the pleadings that Lenaghan asserted any claim against Stevenson. The answer filed in Admiralty No. 182–9 contains none of the allegations required by New York Southern District Admiralty Rule 16. If Lenaghan had complied with this rule, movant would have been put on notice that Lenaghan intended to claim affirmative relief from it.

Accordingly, I find that Stevenson's waiver of arbitration in the earlier filed suit was based on the implicit assertion

1. (File No. Ad. 182–9)

2. (File No. Ad. 187–236)

by Lenaghan that the latter sought no damages from the former growing out of the transaction.

Since Lenaghan by lately filing its cross-libel elects to repudiate the ground on which movant's waiver was based, Stevenson should be and is relieved from its waiver of arbitration in its suit. Having made timely motion for arbitration in the cross-suit, no waiver of its rights can be claimed by Lenaghan.

The motions are granted.

Settle an order.

## On Claimant-Respondent's Motion for Reargument.

SUGARMAN, District Judge.

Lenaghan moves for re-argument of motions decided by memorandum dated December 7, 1956.

■ It is the contention of Lenaghan that the court overlooked its proctor's parenthetical statement in paragraph 12 of the Healy affidavit verified September 11, 1956, that "(Lenaghan's intention of filing a cross libel had been announced to Stevenson's proctors immediately after the filing of the original libel)". This uncontradicted statement was deemed true on the motion.

As indicated in the decision of December 7, 1956 it was Lenaghan's failure to include the allegations required by local Admiralty Rule 16 *after* the expression of Lenaghan's proctor's intention to file a cross-libel which led Stevenson to believe that no affirmative relief would be sought by Lenaghan. In that posture Stevenson was content to try its claim in admiralty.

When Lenaghan again changed its position by filing its cross-libel, Stevenson, properly in the court's opinion, likewise changed its position and asked for arbitration of the entire controversy.

The motion for re-argument is granted, oral argument is denied and on reargument the original decision is adhered to.

It is so ordered.