**INSTITUTO CUBANO DE ESTABLIZACION DEL AZUCAR, Libelant,**

v.

**THE S/S RODESTAR, her engines, etc. and Compania Naviera Costanera, Claimants-Respondents.**

United States District Court
S. D. New York.
June 25, 1956.

Bigham, Englar, Jones & Houston, New York City, for libelant. Owen C. Torrey, Jr., New York City, of counsel.

Crowell & Rouse, New York City, for respondents. William T. Foley, Jr., New York City, of counsel.

DIMOCK, District Judge.

Respondents move to stay any further proceedings in this suit pending arbitration of the dispute. This procedure is authorized by section 3 of title 9, United States Code, where, as here, the dispute arises out of an agreement which contains an arbitration clause. Libelant contends that respondents have waived their rights to arbitration.

As a defense in the answer, respondents set up libelant's failure to resort to arbitration. Such a plea has no place in an answer since, under section 6 of the same act, any application to the court under that act must be "made and heard in the manner provided by law for the making and hearing of motions". Nevertheless such an allegation in an answer will be treated as an application for a stay. Kulukundis Shipping Co., S/A v. Amtorg Trading Corp., 2 Cir., 126 F.2d 978, 986, footnote 29. While respondents had outstanding this application for a stay, however, and before this motion was brought on, they filed a "Note of Readiness for Trial" as required by the practice of this court at that time. That notice read in part "The Undersigned, proctors for respondents, hereby certify that their case is now ready for trial and should be assigned to a trial part for trial in regular order; * * * that all discovery proceedings have been completed * * * and that the parties have had reasonable opportunity for examination before trial." This could not have referred to trial on the issue of arbitration vel non since that issue must be resolved "in the manner provided by law for the making and hearing of motions." Hence the notice was a solemn declaration that the case was ready for trial on the merits. Its effect was to place the case upon a calendar of cases that the court could be assured would go to trial when reached. Nothing could be more clearly inconsistent with a motion to stay the trial than such a declaration. This court would stultify its rules were it to do less than take respondents' proctors at their word. Taking them at their word, the filing of the notice of readiness was an abandonment of their application to stay the trial embodied in their answer and a waiver of respondents' right to arbitration.

The motion is denied.