CORNELL & COMPANY, Inc., a Corporation, Appellant,

v.

BARBER & ROSS COMPANY, a Corporation, Appellee.

No. 19660.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 17, 1966.

Decided April 14, 1966.

Mr. Daniel L. O'Connor, Washington, D. C., for appellant.

Mr. Harvey H. Holland, Jr., Washington, D. C., with whom Mr. Albert L. Ledgard, Jr., Washington, D. C., was on the brief, for appellee.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and BURGER, Circuit Judge.

PER CURIAM:

We review the District Court's denial of appellant's motion under 9 U.S.C. § 3 [1] for a stay of appellee's breach of contract action. The action was clearly referable to arbitration under an agreement incorporated by reference into the contract between the parties. The only issue is whether the District Court erred in holding appellant "in default in proceeding with such arbitration." 9 U.S.C. § 3. We think not.

The right to arbitration, like any other contract right, can be waived.[2]

A party waives his right to arbitrate when he actively participates in a lawsuit or takes other action inconsistent with that right.[3] Once having waived the right to arbitrate, that party is necessarily "in default in proceeding with such arbitration." [4]

Before filing the present motion, appellant (1) moved for a transfer of venue to the Eastern District of Pennsylvania, (2) filed an answer to appellee's complaint and a counterclaim, and (3) filed notice of depositions, took the deposition of an official of appellee, and procured the production of various records and documents. As the District Court stated:

> [T]he litigation machinery had been substantially invoked and the parties were well into the preparation of a lawsuit by the time (some four months after the complaint was filed) an intention to arbitrate was communicated by the defendant to the plaintiff.

Appellant claims, however, that it did not learn of the arbitration clause until the above-mentioned production of documents. Absent fraud or concealment, which are not asserted here, appellant must be charged with knowledge of

---

1. "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3 (1964).

2. See, e g., Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402, 412–413 (2d Cir. 1959); American Locomotive Co. v. Gyro Process Co., 185 F.2d 316 (6th Cir. 1950); Almacenes Fernandez, S.A. v. Golodetz, 148 F.2d 625, 161 A.L.R. 1420 (2d Cir. 1945); American Sugar

Refining Co. v. The Anaconda, 138 F.2d 765 (5th Cir. 1943); Galion Iron Works & Mfg. Co. v. J. D. Adams Mfg. Co., 128 F.2d 411 (7th Cir. 1942); Radiator Specialty Co. v. Cannon Mills, 97 F.2d 318, 117 A.L.R. 299 (4th Cir. 1938).

3. Cases cited *supra* note 2. In both Almacenes Fernandez, S.A. v. Golodetz, *supra* note 2, and Robert Lawrence Co. v. Devonshire Fabrics, Inc., *supra* note 2, it was held that no waiver had occurred although the movant defendant had participated to some extent in the lawsuit, because a demand for arbitration was made in his answer.

4. Cases cited *supra* note 2. "[I]t is clearly the intention of Congress to provide that the party seeking to enforce arbitration can do so only when not guilty of dilatoriness or delay." Radiator Specialty Co. v. Cannon Mills, *supra* note 2, at 319.

the terms of its own agreement. Otherwise, lack of diligence would become an excuse for the "dilatoriness or delay" which Congress meant to discourage.[5]

Affirmed.