Dominick CARCICH, Plaintiff,

v.

REDERI A/B NORDIE, Defendant and Third-Party Plaintiff-Appellee,

v.

CUNARD STEAMSHIP COMPANY, Ltd., Third-Party Defendant-Appellant.

Luis CALDERON, Plaintiff,

v.

DEN NORSKE SYD AMERIKA and Bergen Steamship Company, Defendants.

DET. BERGENSKE DAMPSKIBSSELSKAB and Den Norske Syd Amerika Linje, Third-Party Plaintiffs-Appellees,

v.

The CUNARD STEAMSHIP COMPANY, Ltd., Third-Party Defendant-Appellant.

Nos. 194–195, Dockets 31285–31286.

United States Court of Appeals
Second Circuit.

Argued Nov. 24, 1967.

Decided Jan. 5, 1968.

John W. Castles, 3d, New York City (John F. O'Connell, Roger C. Ravel, Lord, Day & Lord, New York City), for appellant.

David P. H. Watson, New York City (Robert K. Marzik, Haight, Gardner, Poor & Havens, New York City), for appellees Det. Bergenske Dampskibsselskab and Den Norske Syd Amerika Linje.

Victor S. Cichanowicz, New York City (Nicholas Milano, Cichanowicz & Callan, New York City), for appellee Rederi A/B Nordie.

Before LUMBARD, Chief Judge, KAUFMAN and FEINBERG, Circuit Judges.

KAUFMAN, Circuit Judge:

These consolidated appeals have their source in actions brought to recover damages for injuries allegedly suffered by longshoremen while loading or discharging cargo from vessels time-chartered by Cunard Steamship Company, Ltd. (Cunard), from the owners, the appellees here. The longshoremen sued the owners, who in turn filed third-party complaints against Cunard. Judge Cannella, S.D.N.Y., denied Cunard's motions to stay the third-party actions pending arbitration, on the ground that Cunard, by its participation in pre-trial proceedings and because of its delay in moving for the stays, waived whatever right to arbitration might have existed under the charter parties between Cunard and the appellees. The district court

thus never decided whether the underlying disputes were properly subject to arbitration under the charter parties. We reverse and remand to the district court for a determination of this question.

Our *ratio decidendi* requires an elucidation of the litigation background. Plaintiff Carcich was allegedly injured on January 28, 1963, while working aboard the SS Nordic, which was then owned by Rederei A/B Nordic (but sued as Rederi A/B Nordie) and under time charter to Cunard. He filed his complaint on February 4, 1964, naming both the shipowner and Cunard as defendants. The shipowner's answer contained a cross-complaint against Cunard, which Cunard answered on July 15, 1964, alleging that the claim was one which should be submitted to arbitration in accordance with the terms of the charter party.[1] On September 2, 1964, Carcich's complaint against Cunard was dismissed on its motion and the shipowner's cross-complaint was ordered to be designated a third-party complaint. While this motion was pending, Carcich filed his note of issue on August 13, 1964. On November 19, 1965, over a year later, a pre-trial conference was held, and still another year almost passed before a pre-trial order, consented to by all the parties, was filed on June 14, 1966. This order recited, *inter alia*, that Cunard was still maintaining that its dispute with the owners was subject to arbitration under Clause 23 of the time charter agreement. Five months later Cunard formally moved for a stay pending arbitration,[2] but on January 5, 1967, Judge Cannella denied the motion; this appeal followed.

The procedural history of the suit instituted by Calderon is somewhat more complex. The alleged injury to Calderon occurred on October 1, 1963, while he was working on the M/S Crux, then under time charter to Cunard from Det. Bergenske Dampskibsselskab, the owner and one of the appellees. He sued only the shipowner, who, on June 2, 1964, served Cunard with a third-party complaint alleging two causes of action— (1) for indemnity because of a breach of warranty of workmanlike service (in Cunard's capacity as stevedore[3]), and (2) violation of the charter party. Cunard's answer denied liability, and asserted as an affirmative defense to the second cause of action that it should be referred to arbitration in London pursuant to the charter party.[4] Several months later, Calderon filed a note of issue and shortly thereafter Cunard produced certain documents pursuant to the longshoreman's motion for discovery. Pre-trial conferences were held in November 1965 and March 1966, and Cunard formally moved in November 1966 to stay both of Det. Bergenske Dampskibsselskab's causes of action pending arbitration. Judge Cannella denied the motion on January 5, 1967. Thereafter, a pre-trial order similar to that entered in *Carcich* (reciting that Cunard contended the action should be stayed pending arbitration) was signed by Judge Motley, who, presumably, was not aware that over three months earlier Judge Cannella had refused to issue a stay.

Before we discuss the merits of the appeal we must determine whether we have jurisdiction. It is well settled that a denial of a stay pending arbitration is not appealable as a final order under 28 U.S.C. § 1291. Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955). But under some circumstances, the stay

---

1. Clause 23 of the Baltime "Uniform Time-Charter" provided that, "Any dispute arising under the Charter to be referred to arbitration in London * * * the award of the Arbitrators * * * to be final and binding on the parties."

2. Cunard first sought and obtained permission to move for the stay pursuant to General Rule 9(*l*) of the District Court.

3. Cunard acted as its own stevedore in both *Carcich* and *Calderon*; both plaintiffs were in its employ.

4. The charter party was the same as that in *Carcich*; see fn. 1.

may be treated as a denial of an interlocutory injunction under 28 U.S.C. § 1292(a) (1), and hence appealable. The Supreme Court has made it clear that the determination of appealability under this section (until Congress acts) depends not on the desirability of allowing interlocutory appeals, but on outmoded historical distinctions. See Baltimore Contractors, Inc. v. Bodinger, supra. We recently have examined at length the law in this area, see Standard Chlorine of Delaware, Inc. v. Leonard, 384 F.2d 304 (2d Cir. 1967), and Penoro v. Rederi A/B Disa, 376 F.2d 125 (2d Cir.), cert. denied, Rederi A/B Disa v. Cunard Steamship Co., 389 U.S. 852, 88 S.Ct. 78, 19 L.Ed.2d 122 (1967), and thus find it unnecessary to repeat what we have already said on this subject. It is sufficient for our purposes that we note that the denial of a stay pending arbitration is appealable under 28 U.S.C. § 1292 (a) (1) if the underlying action is at law, Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583 (1935), and is not appealable if the underlying action is in equity, Standard Chlorine of Delaware, Inc. v. Leonard, supra, or in admiralty, Penoro v. Rederi A/B Disa, supra. Since the underlying actions in the present suits are at law, it follows that Judge Cannella's order is appealable; accordingly, we approach the basis for the District Court's holding that Cunard had waived whatever contractual right it possessed to arbitrate [5] with a brief discussion of the cases on the subject.

The leading case in this Circuit is Kulukundis Shipping Co. v. Amtorg Trading Corp., 126 F.2d 978 (2d Cir. 1942), in which libel had been filed for breach of a charter party, and the defendant's answer made no mention whatsoever of an arbitration clause in the charter party. In fact, the defendant contended that it was not bound by the charter party because it had been improperly executed. Five months later a pre-trial order was filed, which stated that "Both sides will be ready when reached." The first mention of arbitration came ten months after the libel was filed when defendant sought to amend its answer and the case was already on the ready day calendar. This Court reversed the district court's finding that defendant had waived its right to arbitrate by its participation in the litigation and because of its delay in moving for a stay. It would appear that *Kulukundis* makes the present cases *a fortiori*. Here, arbitration was raised by Cunard at an early date and continuously asserted.[6] In addition, in *Kulukundis* the statement of readiness for trial, of necessity, included the arbitrable issue, while in the instant cases the certifications of readiness referred to the longshoremen's suits, not to the third-party suits to

---

5. In *Carcich*, the district court found waiver because Cunard (1) had taken the longshoreman's deposition and had, upon its own motion, been dismissed as a party defendant to the longshoreman's claim; (2) had participated in all other proceedings; (3) had failed to object when the longshoreman filed a note of issue; (4) had joined in the preparation and entry of a pre-trial order; and (5) had permitted the case to reach the ready waiting list of the ready day calendar before moving for a stay.

In *Calderon*, the court found waiver because Cunard (1) filed an answer to the third-party complaint containing a general denial and did not assert failure to arbitrate as an affirmative defense to the third-party's first cause of action seeking indemnity for Cunard's alleged breach of warranty of workman-like service; (2) supplied certain items to plaintiff as a result of a discovery order; (3) failed to object to the longshoreman's note of issue; (4) attended three pre-trial conferences; and (5) permitted the case to proceed to the pre-trial order stage before serving notice of motion for a stay.

6. We recognize that in Calderon Cunard's answer pleaded arbitration as an affirmative defense only with respect to one of the two causes of action in the third-party complaint. We do not find this fact determinative, however, since, as developed below, the shipowner was not prejudiced by Cunard's delay in asserting its claim to arbitration.

which Cunard had given clear notice it desired to arbitrate.

■ Appellees argue that Cunard should have moved earlier for the stay, and that it delayed for two years in order to be "in on" the longshoreman's suit. They insist that Cunard has acted inconsistently—it cannot "have it both ways." But this argument misses the mark. It is not "inconsistency," but the presence or absence of prejudice which is determinative of the issue. As an abstract exercise in logic it may appear that it is inconsistent for a party to participate in a lawsuit for breach of a contract, and later to ask the court to stay that litigation pending arbitration. Yet the law is clear that such participation, standing alone, does not constitute a waiver, Chatham Shipping Co. v. Fertex Steamship Corp., 352 F.2d 291, 293 (2d Cir. 1965) (filing complaint not waiver); Reynolds Jamaica Mines, Ltd. v. La Societe Navale Caennaise, 239 F.2d 689 (4th Cir. 1956) (asserting counterclaim not waiver); Rootes Motors, Inc. v. SS Carina, 1964 A.M.C. 2754 (S.D.N.Y.1964) (filing answer without mentioning arbitration not waiver), for there is an overriding federal policy favoring arbitration. Waiver, therefore, is not to be lightly inferred, and mere delay in seeking a stay of the proceedings without some resultant prejudice to a party,[7] Kulukundis, supra, cannot carry the day.[8] Since the longshoremen's claims must go to trial in any event, we do not understand how earlier motions for stays of the third-party actions could have prevented the longshoremen from filing their notes of issue or proceeding to pre-trial conferences. Indeed, we perceive no claim by appellees that they would have proceeded differently in the total litigation had a stay been requested earlier. Nor can it be asserted that Cunard has taken unfair advantage of discovery proceedings which would not have been available to it in arbitration, Kulukundis, supra, 126 F.2d at 989 n. 40; Graig Shipping Co. v. Midland Overseas Shipping Corp., 259 F.Supp. 929 (S.D.N.Y.1966). In fact, it has never sought discovery with respect to either third-party dispute. Moreover, Cunard has agreed to produce witnesses under its control to aid in appellees' defense if that should become necessary. In sum, appellees have not directed us to any prejudice resulting from Cunard's delay in moving for the stays, and we perceive none.

■ Accordingly, we conclude that the district court erred in finding that Cunard waived whatever right of arbitration it possessed under the charter parties. The cases, therefore, must be reversed and remanded for the purpose of determining whether the third-party claims are subject to arbitration under the charter parties.

Reversed and remanded.

---

7. Sufficient prejudice to infer waiver might be found, for example, if the party seeking the stay took advantage of judicial discovery procedures not available in arbitration. See Kulukundis, supra, 126 F. 2d 989 n. 40; Graig Shipping Co. v. Midland Overseas Shipping Corp., 259 F. Supp. 929 (S.D.N.Y.1966).

8. Appellees cite three cases in which waiver was found; all are distinguishable. Both Radiator Specialty Co. v. Cannon Mills, Inc., 97 F.2d 318, 117 A.L.R. 299 (4th Cir. 1938), and The Belize (also cited as Rederiaktieselskabet Nidaros v. Steamship Owners Operating Co.), D.C., 25 F.Supp. 663, appeal dismissed, 101 F.2d 1005 (2d Cir. 1939), were distinguished in Kulukundis, supra, 126 F.2d at 989, on the ground that they involved waiver by a plaintiff who brought suit on a contract without seeking to avail himself of its arbitration clause "on the ground that a party should not thus first set in motion judicial proceedings and then arrest them." Of course, in the instant case Cunard did "not first set in motion judicial proceedings." And American Locomotive Co. v. Chemical Research Corp., 171 F.2d 115 (6th Cir. 1948), cert. denied, 336 U.S. 909, 69 S.Ct. 515, 93 L.Ed. 1074 (1949) involved a long delay and extreme circumstances. See Petition of American Locomotive Co., 87 F.Supp. 754 (E.D.Mich.1949), aff'd, 185 F.2d 316 (6th Cir. 1950). See also Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402, 413 (2d Cir. 1959) (distinguishing American Locomotive Co. v. Chemical Research Corp.), cert. dismissed, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960).