**Thomas A. MASON, doing business as Mason Farms, Plaintiff,**

v.

**STEVENSVILLE GOLF AND COUNTRY CLUB, INC. and Harry Dinnerstein, Defendants.**

**No. 67 Civ. 211.**

United States District Court
S. D. New York.
Nov. 12, 1968.

Thomas H. Baer, New York City, for plaintiff.

Levine & Levine, Liberty, N. Y., by Leo Salon, Salon, Grossman, Ortner, Yavers & Dershowitz, New York City, for defendants.

## OPINION

POLLACK, District Judge.

This is a motion by the defendant, Stevensville Golf and Country Club, Inc. (hereinafter Stevensville), for a stay of the present action pending the outcome of arbitration proceedings with the plaintiff, Mason. The motion is made pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. § 3.

There can be no real question that there is presently pending in the State Supreme Court, Sullivan County, an arbitration proceeding involving both Stevensville and Mason as parties and that that proceeding will be determinative of all of the issues of this law suit if the arbitration is allowed to continue. The very strong federal policy in favor of arbitration would normally be dispositive of this motion.

However, plaintiff points out that on June 14, 1968 he filed in this Court a note of issue and that defendant raised no objection thereto. Calendar Rule 5 of this Court provides that, if there is no objection to the note of issue within ten days after it is filed, the case will be placed on the appropriate court calendar. On September 18, 1968, an order pursuant to Calendar Rules 6 and 13 was docketed advising counsel that, by failing to object to the note of issue, counsel had certified to the Court that the case was "in all respects ready for trial". On October 24, 1968, defendant finally moved for a stay.

It is plaintiff's contention that the failure of defendant to object to this note of issue is so inconsistent with a good faith intent and desire to proceed with arbitration that the defendant should be deemed to have waived his rights under 9 U.S.C. § 3.[1] This statute authorizes a stay of proceedings in a law suit where the issues therein are referable to arbitration, "providing the applicant for the stay is not in default in proceeding with such arbitration".

While the plaintiff's position is not lacking in logic, the Second Circuit has recently considered this problem and has concluded that:

"It is not 'inconsistency,' but the presence or absence of prejudice which is determinative of the issue * * * for there is an overriding federal policy favoring arbitration." Carcich v. Rederi A/B Nordie, 389 F.2d 692, 696 (2d Cir. 1968).

The plaintiff here has made no showing of any prejudice resulting to it from a stay of this suit pending the outcome of the arbitration proceedings. Therefore, the motion of defendant is granted, provided, however, that the plaintiff will be permitted to return to this Court for such further relief as is appropriate if the defendant does not pursue the arbitration with due diligence.

So ordered.

---

1. Yet the law is clear that participation in a law suit, standing alone, does not constitute a waiver; Chatham Shipping Co. v. Fertex Steamship Corp., 352 F.2d 291 (2d Cir. 1965) (filing complaint not waiver); Reynolds Jamaica Mines, Ltd. v. La Societe Navale Caennaise, 239 F.2d 689 (4th Cir. 1956) (asserting counterclaim not waiver); Rootes Motors, Inc. v. SS Carina, 1964 A.M.C. 2754 (S.D.N.Y.1964) (filing answer without mentioning arbitration not waiver); Kulukundis Shipping Co., S/A v. Amtorg Trading Corp., 126 F.2d 978 (2d Cir. 1942) (assenting to statement of readiness for trial and to placing of case on ready day calendar not waiver). Contra, T. J. Stevenson & Co. v. The M/S Dundalk Bay, 147 F.Supp. 23 (S.D.N.Y.1957); Instituto Cubano De Establizacion Del Azucar v. The SS Rodestar, 143 F.Supp. 599 (S.D.N.Y.1956).