**HOWARD HILL, INC., Plaintiff-Appellant,**

v.

**GEORGE A. FULLER COMPANY, INC., et al., Defendants-Appellees.**

No. 72–1954.

United States Court of Appeals, Fifth Circuit.

Jan. 30, 1973.

Thomas R. Burnside, Jr., Augusta, Ga., Paul J. Walstad, Vienna, Va., for plaintiff-appellant.

Samuel C. Waller, Augusta, Ga., Luther P. House, Jr., Kent P. Smith, Atlanta, Ga., for defendants-appellees.

Before RIVES, THORNBERRY and GOLDBERG, Circuit Judges.

**218**

THORNBERRY, Circuit Judge:

George A. Fuller Company (Fuller), as prime contractor, contracted with the Richmond County Hospital Authority to build a university hospital in Augusta, Georgia. By a subcontract with Fuller, Howard Hill, Inc. (Hill) agreed to supply labor and materials for the hospital project. During construction of the hospital a dispute arose between Hill and Fuller, and because of it Hill brought this diversity action against Fuller and his bondsman to recover over $77,000 for breach of contract, the value of labor and materials furnished, and attorney fees. Fuller moved for a stay of proceedings in the district court pending arbitration as provided in the subcontract, and the Court granted this motion. The propriety of the stay order is at issue on this appeal.

█ Urging us to vacate the stay, appellant Hill argues first that it is not bound by the prime contract arbitration provision because the language of the subcontract was ineffective to incorporate it by reference. In a sister case to the instant one, J. S. & H. Construction Company v. Richmond County Hospital Authority, 5th Cir. 1973, 473 F.2d 212, decided today, we have considered subcontract language identical to that used in the Fuller-Hill subcontract and have held it was sufficient to incorporate the prime arbitration provision into the subcontract there. For the reasons expressed in the *J. S. & H. Construction Company* case, we hold that the prime contract arbitration provision was incorporated into the subcontract in this case and is binding on Hill.

Appellant Hill's second contention goes beyond the *J. S. & H. Construction Company* case. Pointing to events which occurred after the contract dispute arose, Hill argues that Fuller waived its right to insist on arbitration under the incorporated clause. Fuller denies any such waiver and argues in addition that correspondence between Hill and Fuller established a new contract under which Hill agreed to be bound by the results of arbitration between Fuller and the Hospital Authority. The district court found Fuller had not waived its right to insist on arbitration and did not construe the post-dispute correspondence as a new contract. We find no occasion to disturb these conclusions.

██ It is well settled that a party to a contract may waive the right to insist on compliance with an arbitration clause, Burton-Dixie Corporation v. Timothy McCarthy Construction Company, 5th Cir. 1971, 436 F.2d 405, so that that party may no longer assert the arbitration clause as a defense to an action on the contract. "There is no settled rule, however, as to what constitutes a waiver or abandonment of the arbitration agreement. The question depends upon the facts of each case and usually must be determined by the trier of facts." *Id.* at 408. In granting the motion to stay proceedings, the district court found that Fuller had not waived its rights under the arbitration clause, and we cannot say that this finding was clearly erroneous. Fed.R.Civ.P. 52(a); cf. Blake Construction Company v. United States for the Use and Benefit of Jacob Lichter, 5th Cir. 1958, 252 F.2d 658, 662. The record in this case contains intermittent correspondence between Hill and Fuller from March 1970 until March 1971, when suit was filed, and affidavits of persons who had knowledge of the negotiations between them. From these documents it appears that Hill first requested arbitration in March 1970. In response Fuller promptly proposed to submit Hill's claim "to arbitration," apparently intending to signify thereby that Fuller would submit the claim to arbitration between itself and the Hospital Authority. Hill agreed to this proposal in a letter and stated that the settlement made in such arbitration would be "satisfactory and acceptable," but Hill did not expressly waive the right to participate in arbitration with Fuller or unequivocally agree that an award resulting from arbitration between Fuller and the Hospital Authority would be binding as to the Hill-Fuller dispute. An affidavit from Fuller's Project Manager indicates Hill may

have considered Fuller's proposal to be one for three-party arbitration. After March 1970, Hill continued to press for arbitration; Fuller declined direct arbitation with Hill but undertook the preparation of Hill's claim for submission to the Hospital Authority. At the time the complaint was filed, both parties were insisting on arbitration but evidently had different ideas as to who would arbitrate with whom. We think these circumstances support the district court's finding that Fuller did not waive its rights under the arbitration clause.

We note that the district court ordered a stay pending "arbitration of the issues between the parties," implicitly rejecting Fuller's argument that Hill entered a new contract by which it gave up the right to participate in arbitration with Fuller and agreed to be bound by the Fuller-Hospital Authority arbitration award. Having reviewed the relevant correspondence, we find ourselves in accord with the district court's view.

The order of the district court staying proceedings pending arbitration between the parties is affirmed.