**LIGGETT & MYERS INCORPORATED et al., Plaintiffs,**

**v.**

**Joseph BLOOMFIELD, Defendant.**

**Joseph BLOOMFIELD, Third-Party Plaintiff,**

**v.**

**Harry KOBRIN et al., Third-Party Defendants.**

**No. 72 Civil 685.**

United States District Court,
S. D. New York.

July 30, 1974.

Webster, Sheffield, Fleischmann, Hitchcock & Brookfield, New York City, for plaintiffs; Donald J. Cohn, Harvey D. Myerson, Eric J. Wallach, James V. Kearney, New York City, of counsel.

Rosenman, Colin, Kaye, Petschek, Freund & Emil, New York City, for defendant and third-party plaintiff; Gerald Walpin, Raymond A. Bragar, Eric Rosenberg, New York City, of counsel.

Rogers, Hoge & Hills, New York City, for individual third-party defendants; Kenneth L. Everett, E. Carrington Boggan, James N. Blair, New York City, of counsel.

John B. Wynne, New York City, for third-party defendant Chemical Bank.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, Liggett & Myers Incorporated, commenced this action against the defendant Joseph Bloomfield, charging him with violations of section 10(b) of the Securities Exchange Act of 1934 [1] and rule 10b–5, promulgated thereunder,[2] common law fraud and breach of warranty. Bloomfield, in addition to a general denial, asserted several counterclaims against plaintiff. He also served a third-party complaint against Harry Kobrin and three individuals ("Kobrin group"), who were parties together with Bloomfield to an indemnity and escrow agreement, as well as the bank named as the escrow agent under that agreement. The third-party complaint alleges four causes of action. Under the first, Bloomfield seeks contribution from the Kobrin group for any judgment that may be obtained by Liggett & Myers against him for violation of section 10(b) or common law fraud. Under the second, third and fourth causes of action Bloomfield seeks various forms of relief based on the indemnity and escrow agreement. The Kobrin group asserted a counterclaim against the defendant based on Bloomfield's alleged violation of section 10(b) and on common law fraud.

The claims of the respective parties center about representations and warranties contained in a merger agreement and an indemnity and escrow agreement. The latter agreement provides that Bloomfield and the Kobrin group shall be liable to Liggett & Myers should it suffer any loss or damage as a result of a breach of any of the warranties set forth or any misrepresentations contained in the merger agreement whereby Liggett & Myers acquired Mercury Mills, Inc., of which Bloomfield and the Kobrin group were stockholders as well as the management group. Essentially, Liggett & Myers claims Bloomfield breached those warranties and made misrepresentations. In turn, Bloomfield alleges that the Kobrin group made the same warranties and representations, and if any breach occurred or any misrepresentations were made, they participated therein; it is on this basis that Bloomfield seeks contribution and other relief.

The Kobrin group now moves to dismiss Bloomfield's complaint for failure to state a claim for relief; to stay the trial of the second, third and fourth causes of action (and the first cause of action's claim for contribution as to common law fraud if it is not dismissed), and to compel arbitration pursuant to a provision contained in the indemnity agreement; further, to stay commencement of the arbitration until the conclusion of the trial between Liggett & Myers and Bloomfield on the ground that if Bloomfield is held not liable there would be nothing to arbitrate.

■ The first branch of the motion is based on the contention that there is no right to contribution from third-party defendants under section 10(b). However, in Globus, Inc. v. Law Research Service, Inc.,[3] it was held that

1. 15 U.S.C. § 78j(b) (1970).

2. 17 C.F.R. § 240.10b–5 (1973).

3. 318 F.Supp. 955 (S.D.N.Y.1970), aff'd on opinion below, 442 F.2d 1346 (2d Cir.), cert. denied, 404 U.S. 941, 92 S.Ct. 286, 30 L.Ed. 2d 254 (1971).

contribution may be had by one joint tort-feasor from other joint tort-feasors where all were found jointly and severally liable for violation of section 10(b).[4] Movants would confine *Globus* to its facts, where codefendants in an action have been adjudicated jointly and severally liable to the plaintiff and the defendant who has paid the judgment seeks contribution from his codefendants —in short, *Globus* would not be applicable where the third-party defendant from whom contribution is sought had not yet been adjudged jointly and severally liable to the plaintiff. There is no reasoned basis for so limiting that decision. In *Globus*, the defendants opposing the motion for contribution after judgment contended that the movant should instead have proceeded by plenary action, so that a law firm and auditors that allegedly should have also shared liability could have been brought in. The court, dismissing that argument as "frivolous," stated: "The law firm and auditors were never brought in when [the movant] sought indemnity [in the original action] from its two present opponents. The law firm and auditors are not liable under the judgment as joint tortfeasors."[5] The clear implication is that if the law firm and auditors *had* been brought in originally —necessarily as third-party defendants —they too could have been liable as joint tort-feasors and required to contribute. Moreover, the sound policy reasons for allowing contribution from jointly liable codefendants—to deter violation of the securities laws and prevent violators from escaping unpunished—are equally applicable to third-party defend-ants, who may otherwise escape liability because, for some reason, the plaintiff chose not to sue them. The fact that they are not named in the original action should not insulate them from liability for contribution to joint tort-feasors who are sued by an aggrieved party.

Movants seek to have the claim for contribution as to common law fraud dismissed by arguing that Dole v. Dow Chemical Co.,[6] where the New York Court of Appeals allowed a joint tort-feasor to apportion its liability by impleading other joint tort-feasors, applies only to negligence actions and not to actions based on fraud. Whether *Dole* should be so limited has not been decided by the New York State Court of Appeals. However, at least one lower court in New York has applied *Dole* to an intentional tort.[7] In any event, since the first cause of action is to proceed under the federal securities law, there is no reason why the motion to dismiss the common law aspect of that count cannot await determination upon the trial. By then, the New York courts may have rendered a definitive judgment on the applicability of *Dole* to common law fraud. The motion to dismiss the first cause of action of the third-party complaint is denied.

The arbitration provision in the agreement between Bloomfield and the Kobrin group appears on its face to cover all non-10b–5 claims involved in the litigation between Bloomfield and the Kobrin group.[8] However, the motion for a stay pending arbitration must be considered in the light of the proceedings in

---

4. *See* Herzfeld v. Laventhol, Krekstein, Horwath & Horwath, 378 F.Supp. 112 (S.D.N.Y. 1974) ; Getter v. R. G. Dickinson & Co., 366 F.Supp. 559, 568–569 (S.D.Iowa 1973) ; Altman v. Liberty Equities Corp., 54 F.R.D. 620, 625 (S.D.N.Y.1972) ; deHaas v. Empire Petroleum Co., 286 F.Supp. 809, 815–816 (D.Colo.1968), modified on other grounds, 435 F.2d 1223 (10th Cir. 1970).

5. 318 F.Supp. at 958.

6. 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E. 2d 288 (1972).

7. Rubel v. Strackrow, 72 Misc.2d 734, 340 N.Y.S.2d 691 (Sup.Ct.1973). *See also* Herzfeld v. Laventhol, Krekstein, Horwath & Horwath, 378 F.Supp. 112 (S.D.N.Y.1974) ; Noble v. Desco Shoe Corp., 41 A.D.2d 908, 343 N.Y.S.2d 134, 136 (1973).

8. Bloomfield cannot, of course, be compelled to arbitrate his 10b–5 claim. Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). *See also* Laupheimer v. McDonnell & Co., 500 F.2d 21 (2d Cir. 1974).

this case to date. The third-party complaint was filed on August 23, 1973. After their counsel obtained a number of extensions, the Kobrin group answered and counterclaimed on November 26, 1973, without asserting their right to arbitration. The defendant filed a reply to the counterclaim on December 27. Thereafter the Kobrin group's counsel participated in pretrial discovery without any reference to arbitration until the present motion to compel arbitration and for a stay was filed on June 17, 1974, almost ten months after the commencement of the action against them. Bloomfield resists the belated motion for arbitration and urges that the Kobrin group has waived its rights thereto and that the delay has been to his prejudice.

■ It is recognized that there is a strong federal policy favoring arbitration; also, that while the right to arbitration may be waived,[9] such waiver is not to be lightly inferred.[10] "[M]ere delay in seeking a stay of the proceedings [pending arbitration] without some resultant prejudice to a party . . . cannot carry the day."[11] However, these are not absolute: they may yield when one's conduct has gained him an undue advantage or resulted in prejudice to another. Some courts, in finding prejudice and therefore a waiver, have emphasized that a counterclaim was alleged without asserting the right of arbitration and that a responsive pleading was filed before a stay was sought.[12] Such is the case here. Other courts have found prejudice where the party seeking the stay took advantage of judicial discovery procedures not available in arbitration.[13] Here, from the commencement of suit, ten months went by before the movants sought to invoke arbitration. The only excuse offered for this inordinate delay during which they not only served their counterclaim, but the litigation was proceeding apace, is a change of counsel. But within that period the Kobrin group's counsel actively participated in the deposition of parties or witnesses; objected to questions and cross-examined witnesses; examined and made copies of documents; obtained adjournments of scheduled depositions to accommodate his clients; received from counsel for Bloomfield transcripts of all depositions taken prior to his entry into the case, as well as all exhibits up to that date. Moreover, discovery by all litigants has been well advanced, with an accumulation of thousands of pages of testimony and discovery of hundreds of documents. Such progress has been made that it is anticipated the case will proceed to trial in the immediate future. In sum, the movants obtained many benefits from the pretrial discovery process in this lawsuit which would not have been available had they demanded arbitration rea-

9. Demsey & Associates v. S. S. Sea Star, 461 F.2d 1009, 1017 (2d Cir. 1972); Cornell & Co. v. Barber & Ross Co., 123 U.S.App.D.C. 378, 360 F.2d 512, 513 (1966).

10. Carcich v. Rederi A/B Nordie, 389 F.2d 692, 696 (2d Cir. 1968); see Kulukundis Shipping Co. v. Amtorg Trading Corp., 126 F.2d 978, 989 (2d Cir. 1942).

11. Carcich v. Rederi A/B Nordie, 389 F.2d 692, 696 (2d Cir. 1968).

12. See Cornell & Co. v. Barber & Ross Co., 123 U.S.App.D.C. 378, 360 F.2d 512, 513 (1966); E. I. Du Pont de Nemours & Co. v. Lyles & Lang Const. Co., 219 F.2d 328, 334 (4th Cir.), cert. denied, 349 U.S. 956, 75 S. Ct. 882, 99 L.Ed. 1280 (1955); Radiator Specialty Co. v. Cannon Mills, 97 F.2d 318, 319 (4th Cir. 1938); cf. Demsey & Associates v. S.S. Sea Star, 461 F.2d 1009, 1017–1018 (2d Cir. 1972); Hilti, Inc. v. Oldach, 392 F.2d 368, 372 n. 9 (1st Cir. 1968); Kulukundis Shipping Co. v. Amtorg Trading Corp., 126 F.2d 978, 989 (2d Cir. 1942); Milton Schwartz & Associates v. Magness Corp., 368 F.Supp. 749, 752 (D.Del.1974). But cf. Carolina Throwing Co. v. S. & E. Novelty Corp., 442 F.2d 329 (4th Cir. 1971).

13. See Demsey & Associates v. S.S. Sea Star, 461 F.2d 1009, 1018 (2d Cir. 1972); Cornell & Co. v. Barber & Ross Co., 123 U.S.App.D.C. 378, 360 F.2d 512, 513 (1966); Graig Shipping Co. v. Midland Overseas Shipping Corp., 259 F.Supp. 929, 931 (S.D. N.Y.1966); cf. Carcich v. Rederi A/B Nordie, 389 F.2d 692, 696 n. 7 (2d Cir. 1968); Kulukundis Shipping Co. v. Amtorg Trading Corp., 126 F.2d 978, 989 n. 40 (2d Cir. 1942).

sonably after the third-party complaint was served. Their acts and conduct have been prejudicial to the defendant and constitute a waiver of the arbitration provision, the existence of which was known from the very inception of the litigation.

The motion of the Kobrin group is denied in all respects.