Paul VARO et al., Plaintiffs-
Appellants,

v.

COMPREHENSIVE DESIGNERS, INC.,
et al., Defendants-Appellees.

Richard M. STUCKER et al.,
Plaintiffs-Appellants,

v.

COMPREHENSIVE DESIGNERS, INC.,
et al., Defendants-Appellees.

Nos. 73–1214, 73–1215.

United States Court of Appeals,
Ninth Circuit.

Oct. 3, 1974.

Gary H. Wiles (argued), La Jolla,
Cal., for plaintiffs-appellants.

Wallace R. Peck, of Jennings, Eng-
strand & Henrikson, San Diego, Cal., for
defendants-appellees.

OPINION

Before CHAMBERS AND GOOD-
WIN, Circuit Judges, and KELLEHER,*
District Judge.

CHAMBERS, Circuit Judge:

In the separate complaints of the
plaintiffs, Varo and Stucker (fran-
chisees), they assert anti-trust viola-
tions under the Sherman Act (15 U.S.C.
§§ 1–7) against the defendant, franchis-
or, in two counts.

The third count in each addresses it-
self to fraud in the inducement. If only
the third count were involved, it should
go to arbitration as provided in the ba-
sic agreements. The first two counts
are pending and open. The district
court has stayed the proceedings before
it and ordered the parties to arbitrate
the fraud count of each. Plaintiffs have
appealed.

At the threshold, we are con-
fronted with the contention that the or-
der staying the suit is not appealable.
We conclude it is.[1] However, we do not

---

* The Honorable Robert J. Kelleher, United
States District Judge for the Central Dis-
trict of California, sitting by designation.

1. Cobb v. Lewis, 488 F.2d 41, 46 (5th Cir.
1974) ; A. & E. Plastik Pak Co. v. Monsan-
to Company, 396 F.2d 710, 713 (9th Cir.
1968) ; American Safety Equipment Corp. v.
J. P. Maguire & Co., 391 F.2d 821, 824–825
(2d Cir. 1968).

Our recent decision in Danford v. Schwa-
bacher, 488 F.2d 454 (9th Cir. 1974), does
not undermine the force of these cases.
Danford simply laid down a rule of choice in
situations where the underlying cause of ac-
tion defied classification as either legal or
equitable for purposes of the Enelow-Ettel-
son rule. Here, the fraudulent inducement
claim sounds primarily in law rather than

pause to attempt to prove our views because we think that the situation is such on the record here that were we to hold that the order denying the stay was unappealable, we should take the extraordinary step of converting the appeal into mandamus or prohibition, ordinarily something to be done stingily. Shapiro v. Bonanza Hotel Co., 185 F.2d 777, 779 (9th Cir. 1950). Also, we could request the district court to proceed under 28 U.S.C. § 1292(b), an interlocutory appeal. We conclude only that the possibility of plaintiffs prevailing on their anti-trust counts is so strong that arbitration should be stayed pending the outcome of the legality issues.

■ In our view, the pleaded documents make a prima facie case of running counter to the Sherman Act, a situation perhaps approached in Radovich v. National Football League, 352 U.S. 445, 77 S.Ct. 390, 1 L.Ed.2d 456 (1957). This does not mean there can be no defenses and we do not make an ultimate ruling on the legality of the arrangement. We simply hold that we have seen enough to believe plaintiffs' chances on illegality are so strong that arbitration should be stayed pending final resolution of the illegality issues.[2] It is rare that much of the anti-trust charges tentatively appear vindicated on the surface. Uusally they have to be found under the covers.

In view of the circumstances, we order the arbitration stayed pending further order of the district court. The district court will know our wishes in the matter and it may desire to tidy up our order. It may do so.

The stay is effective forthwith, but petitions for rehearing may be filed within the normal time. And, of course, our action will not foreclose petitions for certiorari.

The district court, pending the final outcome, should vacate its order, including its finding that there was a valid contract. The district court should now proceed with the anti-trust counts.

Remanded for proceedings consistent herewith.

---

equity. Furthermore, the arbitration relief sought here is. classified as an equitable defense. Danford v. Schwabacher, *supra*, at 456. The order is thus appealable.

2. *See* Ring v. Spina, 148 F.2d 647, 650, 654 (2d Cir. 1945). *Compare* A. & E. Plastik Pak Co. v. Monsanto Company, 396 F.2d 710, 716 (9th Cir. 1968).