WEIGHT WATCHERS OF QUEBEC
LTD. and Weight Watchers of
Manitoba Ltd., Plaintiffs,

v.

WEIGHT WATCHERS INTERNATION-
AL, INC., Defendant.

No. 73 C 1121.

United States District Court,
E. D. New York.

July 30, 1975.

Hammond & Schreiber, P. C., New
York City, for plaintiffs; by Dale A.
Schreiber, New York City.

Davis, Gilbert, Levine & Schwartz,
New York City, for defendant; by Pa-
tricia Hatry, New York City.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Defendant moves for an order direct-
ing arbitration in accordance with the

agreement of the parties, and for a stay of the action pending completion of such arbitration. Arguing waiver and non-arbitrability of their claims, plaintiffs oppose. The court finds that although the claims are arbitrable defendant has, under the circumstances present here, waived its right to arbitration.

## I.

Plaintiffs' non-arbitrability argument may be quickly disposed of. The basic facts underlying this dispute and the procedural history of this case are set forth at some length in the court's prior memorandum of March 27, 1975, which denied defendant's motion for summary judgment, substantially narrowed the factual issues for trial, and granted in part plaintiffs' motion to amend their complaint. 398 F.Supp. 1047. There is no dispute that the franchise agreements, whose alleged bad faith breach by defendant forms the basis of this action, provide for arbitration by a panel of three arbitrators of "any controversy or claim arising out of, in connection with, or relating to [the respective franchise agreements] or the breach or performance thereof . . . ."[1]

■ Defendant claims that these agreements to arbitrate are within the scope of the Federal Arbitration Act, 9 U.S.C. § 1 et seq., as contracts "evidencing a transaction involving commerce" within the meaning of 9 U.S.C. § 2. Relying on Conley v. San Carlo Opera Co., 163 F.2d 310 (2 Cir. 1947), and defendant's prior allegedly inconsistent position in Weight Watchers of Philadelphia, Inc. v. Weight Watchers International, Inc., 53 F.R.D. 647 (E.D.N.Y.), plaintiffs suggest the claims are not arbitrable.

The court cannot subscribe to plaintiffs' view, which in any event, was not strongly pressed. Even they acknowledge that the term "commerce," as used in the Federal Arbitration Act, is broadly construed. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 401–02 n. 7, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). And the Second Circuit's earlier construction in San Carlo has been limited strictly to its facts, if not entirely vitiated in light of Prima Paint. Erving v. Virginia Squires Basketball Club, 468 F.2d 1064, 1068–69 (2 Cir. 1972).

Here, the arbitration provisions are within contracts which, as is clear from the court's review of the summary judgment motion, evidence extensive commercial dealings between the parties across international boundaries, including, inter alia, the granting of franchises by a New York corporation to foreign corporations, to be exercised in the foreign jurisdiction. That is sufficient to fall within the definition "commerce among the several States or with foreign nations" used in 9 U.S.C. § 1, also the definition of "commerce" for purposes of 9 U.S.C. § 2. Prima Paint Corp. v. Flood & Conklin Mfg. Co., supra. See Bigge Crane & Rigging Co. v. Docutel Corporation, 371 F.Supp. 240, 243 (E.D.N.Y.1973); Batson Yarn and Fabrics Machinery Group, Inc. v. Saurer-Allma GmbH-Allgauer Maschinenbau, 311 F.Supp. 68, 70 (D.S.C.1970).

## II.

■ The more seriously contested issue here is waiver. Both sides acknowledge that the contractual right to arbitrate can be waived. Demsey & Associates v. S. S. Sea Star, 461 F.2d 1009, 1017 (2 Cir. 1972); Cornell & Company v. Barber & Ross Company, 123 U.S. App.D.C. 378, 360 F.2d 512, 513 (1966). Since there is a strong federal policy favoring arbitration, id., a waiver "is not to be lightly inferred, and mere delay in seeking a stay of the proceedings with-

---

1. Agreement of July 23, 1969 between Weight Watchers International, Inc. and Weight Watchers of Manitoba, Ltd., Sec. 9.1 at 6–7, Agreement of June 22, 1972 between Weight Watchers International, Inc. and Weight Watchers of Quebec, Ltd., Sec. 8.1 at 30.

out some resultant prejudice to a party . . . cannot carry the day." *Carcich v. Rederi A/B Nordie*, 389 F.2d 692, 696 (2 Cir. 1968) (citation and footnotes omitted); *Liggett & Myers Incorporated v. Bloomfield*, 380 F.Supp. 1044, 1047 (S.D.N.Y.1974). And where, as here, the issue of waiver turns on the significance of actions taken in a judicial forum, the issue is one for the court, rather than the arbitrator, to decide. See *In re Tsakalotos Navigation Corp.*, 259 F.Supp. 210, 213 (S.D.N.Y. 1966).

General formulations of what constitutes a waiver in a particular case are of limited usefulness, as the decision normally turns not on some mechanical act but on all the facts of the case. *Carolina Throwing Company v. S & E*

*Novelty Corporation*, 442 F.2d 329, 330–31 (4 Cir. 1971); *Burton-Dixie Corporation v. Timothy McCarthy Construction Company*, 436 F.2d 405, 408 (5 Cir. 1971). The factors upon which the waiver question appears to have turned most frequently against the party seeking to compel arbitration are his dilatory conduct in seeking arbitration,[2] usually coupled with his gaining of an undue advantage in the judicial forum or other substantial prejudice to the opposing party,[3] or any other actions taken by the moving party which are sufficiently inconsistent with his seeking arbitration.[4] Examining the circumstances of a particular case, it is usually the absence of one or more of these factors that forms the basis for concluding there has been no waiver.[5]

2. *American Locomotive Co. v. Gyro Process Co.*, 185 F.2d 316, 318–19 (6 Cir. 1950); *Radiator Specialty Co. v. Cannon Mills*, 97 F.2d 318 (4 Cir. 1938); *La Nacional Platanera, S.C.L. v. North American Fruit & Steamship Corporation*, 84 F.2d 881 (5 Cir. 1936); *Liggett & Myers Incorporated v. Bloomfield, supra*, 380 F.Supp. at 1047–48; *United Nations Children's Fund v. S/S Nordstern*, 251 F.Supp. 833, 840 (S.D.N. Y.1966); *Sucrest Corporation v. Chimo Shipping Limited*, 236 F.Supp. 229 (S.D.N. Y.1964).

3. *Demsey & Associates v. S. S. Sea Star, supra*, 461 F.2d at 1018; *Liggett & Myers Incorporated v. Bloomfield, supra*.

4. *Gutor International AG v. Raymond Packer Co., Inc.*, 493 F.2d 938, 945 (1 Cir. 1974); *Burton-Dixie Corporation v. Timothy McCarthy Construction Company, supra*, 436 F.2d at 408–09; *Cornell & Company v. Barber & Ross Company, supra*; *E. I. du Pont de Nemours & Company v. Lyles & Lang Construction Company*, 219 F.2d 328, 334 (4 Cir.) (dictum), *cert. denied*, 349 U.S. 956, 75 S.Ct. 882, 99 L.Ed. 1280 (1955); *American Locomotive Co. v. Gyro Process Co., supra*; *American Locomotive Co. v. Chemical Research Corporation*, 171 F.2d 115, 121–22 (6 Cir. 1948); *cert. denied*, 336 U.S. 909, 69 S.Ct. 515, 93 L.Ed. 1074 (1949); *Galion Iron Works & Mfg. Co. v. J. D. Adams Mfg. Co.*, 128 F.2d 411, 413 (7 Cir. 1942); *Radiator Specialty Co. v. Cannon Mills, supra*; *La Nacional Platanera, S.C.L. v. North American Fruit & Steamship Corporation, supra*; *Liggett & Myers Incorporated v.*

*Bloomfield, supra*; *Graig Shipping Co. v. Midland Overseas Shipping Corporation*, 259 F.Supp. 929 (S.D.N.Y.1966); *United Nations Children's Fund v. S/S Nordstern, supra*; *Instituto Cubano de Establizacion Del Azucar v. The S/S Rodestar*, 143 F.Supp. 599 (S.D.N.Y.1956); *Cargo Carriers v. Erie & St. Lawrence Corp.*, 105 F.Supp. 638 (W. D.N.Y.1952); *The Belize*, 25 F.Supp. 663 (S.D.N.Y.1938), *appeal dismissed*, 101 F.2d 1005 (2 Cir. 1939).

5. See *Erving v. Virginia Squires Basketball Club, supra*, 468 F.2d at 1068; *ITT World Communications, Inc. v. Communications Workers of America, AFL–CIO*, 422 F.2d 77, 82–83 (2 Cir. 1970); *Carcich v. Rederi A/B Nordie, supra*, 389 F.2d at 696; *Robert Lawrence Company v. Devonshire Fabrics, Inc.*, 271 F.2d 402, 412–13, (2 Cir. 1959), *cert. granted*, 362 U.S. 909, 80 S.Ct. 682, 4 L.Ed.2d 618, *dismissed under Rule 60*, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960); *Almacenes Fernandez, S. A. v. Golodetz*, 148 F.2d 625, 627–28 (2 Cir. 1945); *Kulukundis Shipping Co., S/A v. Amtorg Trading Corporation*, 126 F.2d 978, 989–91 (2 Cir. 1942); *Germany v. River Terminal Railway Company*, 477 F.2d 546 (6 Cir. 1973); *Howard Hill, Inc. v. George A. Fuller Company, Inc.*, 473 F.2d 217 (5 Cir. 1973); *Hart v. Orion Insurance Company*, 453 F.2d 1358, 1360–61 (10 Cir. 1971); *Carolina Throwing Company v. S & E Novelty Corporation, supra*; *General Guaranty Insurance Company v. New Orleans General Agency, Inc.*, 427 F.2d 924 (5 Cir. 1970); *Hilti, Inc. v. Oldach*, 392 F.2d 368 (1 Cir.

In concluding that a waiver has occurred in this case, the court finds delay, prejudice and inconsistency all to be present. The procedural history of this case began with the filing of a complaint in July 1973, and the answer within six weeks thereafter, making no reference to arbitration. About four months later plaintiffs initiated discovery with a request for production of documents. Defendants did not comply with the request but instead moved for summary judgment on the merits in February 1974. That motion, along with plaintiffs' subsequently filed motion to amend the complaint, was orally argued in April 1974, but again no reference was then made to the arbitration provisions by either party.

The summary judgment motion raised novel and complicated issues which required the court to explore the facts of the case *sub judice* at length in its effort to sort out legal issues and standards from the dealings of the parties. In the end, defendant failed to obtain the sought-after judgment on the merits. On plaintiffs' motion to amend, no new claims were allowed to be pleaded over defendant's objection; but plaintiffs were permitted to restate, in what the court thought to be a clearer and more orderly fashion, the claims arising out of the matters already pleaded and dealt with in the summary judgment motion. Following the court's decision, the amended complaint was filed in May 1975 and this motion to compel arbitration was brought on by order to show cause in June.

Defendant's submission of its summary judgment motion, coupled with its silence on the arbitration issue for nearly two years from the institution of the action, must be viewed as an unequivocal expression of intent to seek a judicial determination of the merits of this action rather than arbitration. Defendant seeks to avoid such an inference by suggesting it "moved to dismiss because it failed to understand any basis for a cause of action whatever . . . ."[6] But defendant did not move to dismiss for failure to state a claim upon which relief could be granted, Rule 12(b)(6), F.R.Civ.P., nor did it move prior to answer for a more definite statement, Rule 12(e), F.R.Civ.P.; instead it joined issue, and, upon affidavits, moved for summary judgment. The court cannot accept the contention, therefore, that defendant was merely seeking to clarify what this lawsuit was all about, despite the fact that the motion may have had that effect. Moreover, there is no possibility or suggestion that defendant, as a franchisor who closely supervises its franchisees with contractual controls,

1968) ; *Reynolds Jamaica Mines v. La Societe Navale Caennaise*, 239 F.2d 689, 692–93 (4 Cir. 1956) ; *Macchiavelli v. Shearson, Hammill & Co., Incorporated*, 384 F.Supp. 21, 26 (E.D.Cal.1974) ; *Bigge Crane & Rigging Co. v. Docutel Corporation, supra*, 371 F.Supp. at 244; *Milton Schwartz & Associates, Architects v. Magness Corporation*, 368 F.Supp. 749 (D.Del.1974) ; *Batson Yarn and Fabrics Machinery Group, Inc. v. Saurer-Allma GmbH-Allgauer Maschinenbau, supra*, 311 F.Supp. at 72–74; *G. B. Michael v. SS Thanasis*, 311 F.Supp. 170, 181–82 (N.D.Cal.1970) ; *Commercial Metals Company v. International Union Marine Corporation*, 294 F.Supp. 570, 573–74 (S.D.N.Y.1968) ; *Mason v. Stevensville Golf and Country Club, Inc.*, 292 F.Supp. 348 (S.D.N.Y.1968) ; *Lumbermens Mutual Casualty Company v. Borden Company*, 268 F.Supp. 303, 311–13

(S.D.N.Y.1967) ; *Necchi Sewing Machine Sales Corp. v. Carl*, 260 F.Supp. 665, 667–69 (S.D.N.Y.1966) ; *In re Tsakalotos Navigation Corp., supra*, 259 F.Supp. at 212–14; *Rootes Motors, Inc. v. Steamship Carina*, 1964 A.M.C. 2754 (S.D.N.Y.) ; *Cavac Compania Anonima Venezolana de Administracion y Comercio v. Board for Validation of German Bonds in United States*, 189 F.Supp. 205, 208–10 (S.D.N.Y.1960) ; *McElwee-Courbis Construction Co. v. Rife*, 133 F.Supp. 790, 795 (M.D.Pa.1955) ; *Harris Hub Bed & Spring Co. v. United Electrical, Radio & Machine Workers of America (U.E.)*, 121 F.Supp. 40, 42 (M.D.Pa.1954) ; *Richard Nathan Corp. v. Diacon-Zadeh*, 101 F.Supp. 428 (S.D.N.Y.1951).

**6.** Def. Reply Memo. at 3.

was unaware of the agreement to arbitrate contractual disputes.

Nor is there any reason, aside from vagueness objections, to doubt that a demand to arbitrate was anything other than a logical and obvious response to the original complaint had defendant at that time truly wished a nonjudicial resolution. The broad language in the franchise agreements, coupled with the strong federal policy favoring arbitration, and the absence of any express exclusions from the agreement to arbitrate would almost certainly have required the court to grant a stay and order arbitration had such relief been promptly sought. See, *e. g., United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 584–85, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). Nor is this the sort of case where the complaint clearly raised additional, non-contractual issues that might have caused considerable doubt about defendant's right to seek arbitration on the contract claims in the first instance. See, *e. g., Varo v. Comprehensive Designers, Inc.,* 504 F.2d 1103 (9 Cir. 1974).

Plaintiffs also complain of prejudice growing out of defendant's delay. The voluminously documented defense of the summary judgment motion undoubtedly was, as they suggest, costly and, under the circumstances, necessary to withstand defendant's attack—one which it is claimed could not have been made in arbitration. The delay occasioned by defendant's motion is itself less clearly prejudicial. Resolution of the motion has materially advanced the litigation during a period in which, due to the court's calendar congestion, a trial date

would have been unavailable in any event. But discovery has no doubt been delayed, and an eventual trial date may be further in the future than it might otherwise have been. Then again, ordering arbitration even at this point might materially advance the date of a decision on the merits.

Finally, plaintiffs suggest that they will be prejudiced by an arbitration order as it would deny them appellate review of this court's decision delineating the scope of defendant's contractual obligations to plaintiffs concerning the institution and maintenance of legal proceedings to protect plaintiffs from trademark infringement. While the court has no occasion to reconsider and in fact adheres to its views on that question, plaintiffs are likely correct in their assessment thay they have little to lose and perhaps much to gain by appellate review of the court's construction of the franchise agreements. Had defendant sought arbitration promptly, plaintiffs could not have been placed in a position where they thought such appellate review was necessary.

In sum, the court is satisfied that the elements of delay, prejudice and inconsistent action are too great in this case to avoid a finding of waiver. In particular, the court has not been pointed to and has found no authority for the proposition that one who answers, seeks summary judgment, and awaits the decision on such a motion to present the question of arbitration for the first time may then compel arbitration.[7] Nor do we think that the filing of an amended complaint, which added no new causes of action, materially alters the situation, de-

---

7. *ITT World Communications, Inc. v. Communications Workers of America, AFL–CIO, supra,* cited by defendant, is not on "all fours" with this case. There an answer had been filed and only a four-month delay ensued in seeking arbitration, during which plaintiff moved for summary judgment and defendant moved for a stay pending arbitration. The court found no waiver, as plaintiff "made no showing of prejudice resulting from the delay." *Id.* at 83. Here, there is prejudice, a much longer delay, and unlike *ITT,* the party seeking summary judgment and arbitration are one and the same. A review of the other cases cited by defendant, included in n. 5 *supra,* reveals them all to be inapposite for similar reasons.

spite the opportunity it has afforded defendant to plead anew.[8]

Accordingly, defendant's motion must be, and hereby is, in all respects denied.

So ordered.

---

8. The general statement in *Chatham Shipping Company v. Fertex Steamship Corporation*, 352 F.2d 291, 293 (2 Cir. 1965), to the effect that the earliest point defendant's waiver may be found is when it files an answer on the merits, does not alter this conclusion. That rule does not allow defendant to assert, for the first time in response to an amended complaint raising no new claims, a demand not raised in the original answer and otherwise totally at odds with its actions in the lawsuit.

The court also finds distinguishable *Matter of Haupt v. Rose*, 265 N.Y. 108, 191 N.E. 853 (1934), cited by defendant. Aside from the fact that federal law controls the waiver issue, see *Coenen v. R. W. Pressprich & Co.*, 453 F.2d 1209, 1211 (2 Cir.), cert. denied, 406 U.S. 949, 92 S.Ct. 2045, 32 L.Ed.2d 337 (1972), in *Haupt* defendant's arbitration demand was made within three months of the filing of the complaint, after defendant's motion to dismiss was denied, but either before or as part of the responsive pleading to an amended complaint. The court found neither such delay or unequivocal action by defendant as would constitute an election and waiver. 265 N.Y. at 110, 191 N.E. 853. *Haupt* may not be read as providing a defendant *carte blanche* to raise new matters in response to an amended complaint that states no new causes of action.