BARBER & ROSS COMPANY, a corporation, Plaintiff,

v.

CORNELL & COMPANY, Inc., a corporation, Defendant.

Civ. No. 3183-64.

United States District Court
District of Columbia.

July 8, 1965.

Harvey H. Holland, Jr., Washington, D. C., for plaintiff.

Daniel L. O'Connor, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

Defendant moved this Court to stay the proceedings in the above captioned action for damages for breach of contract, pursuant to 9 U.S.C. § 3. That provision, which is quoted in full in the margin,[1] provides for such a stay in certain circumstances "providing the applicant for the stay is not in default in proceeding with such arbitration." Although several issues as to the applicability of the statute are raised, the Court does not deal with those points. Even if the statute otherwise applies here, the Court concludes that the defendant-applicant is in default in proceeding with its demand for arbitration.

On or about October 11, 1963, the defendant terminated work it had agreed to do for the plaintiff for reasons which are in dispute and immaterial for present purposes. The above action was instituted by the plaintiff on December 31, 1964. On February 11, 1965, the defendant submitted a motion to the Court to transfer venue; said motion being denied on March 10, 1965. Then, on March 24, the defendant filed its answer to the com-

---

1. If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

plaint as well as a counterclaim. On the same day, it filed a notice to take a deposition "for the purpose of discovery or for use as evidence in this action or for both purposes." Said deposition commenced April 13, 1965.

 Defendant claims it was not until the taking of the deposition that it learned of its alleged contractual right to arbitration; the arbitration provision in question being incorporated by reference from another contract into the agreement of the parties in the instant suit. However, the Court believes that the defendant must be charged with knowledge of the terms of its agreement, from the time of the agreement, especially since there is no allegation of fraud, deceit, or misrepresentation in respect thereto. Moreover, it would seem that the defendant had a duty at the time the dispute arose to explore all available remedies. Accordingly, for purposes of deciding this motion, the defendant is deemed to have been aware of its assumed right to seek arbitration since October, 1963, when the work was terminated.

In addressing itself to this "waiver" argument, the defendant relied principally on Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402 (2d Cir. 1959), where the court rejected the contention that a motion for a stay filed almost nine months after the filing of the complaint rendered the moving party "in default" under Section 3 of the Act. Significant factual distinctions, however, not only distinguish that case from the instant matter, but also suggest a contrary result. For there, although the motion to stay came some nine months after the complaint, a demand for arbitration was made in the moving party's answer, which was filed one month after the complaint. The Court stated that the moving party had

at no time acted in a manner inconsistent with its right to arbitrate. Lawrence was apprised of Devonshire's intention to arbitrate from the time the answer was filed and the intervening steps taken with a view

toward settlement can in no way affect Devonshire's rights. 271 F. 2d at 412–413.

In this case the litigation machinery had been substantially invoked and the parties were well into the preparation of a lawsuit by the time (some four months after the complaint was filed) an intention to arbitrate was communicated by the defendant to the plaintiff. In the Court's opinion, the party seeking arbitration here is in default, see Radiator Specialty Co. v. Cannon Mills, Inc., 97 F.2d 318 (4th Cir. 1938). Therefore, the motion to stay is denied.

It is so ordered this 8th day of July, 1965.