The GRAIG SHIPPING CO., Ltd., as Owner of the MV GRAIGFELEN,
Libellant,

v.

MIDLAND OVERSEAS SHIPPING CORPORATION and Midland Chartering Inc., Respondents.

No. 65 Ad. 924.

United States District Court
S. D. New York.

April 5, 1966.

Zock, Petrie, Sheneman & Reid, New York City, for libellant, Edwin K. Reid, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for respondents, Francis V. Elias, New York City, of counsel.

## OPINION

LEVET, District Judge.

The present action arises out of a charter party between libellant, Graig

Shipping Co., Ltd., (hereinafter "Graig") and respondent, Midland Overseas Shipping Corporation (hereinafter "Midland Overseas"). Respondent, Midland Chartering, Inc. (hereinafter "Midland Chartering") is claimed to be an undisclosed principal of Midland Overseas. The libel seeks to hold respondents liable for certain damages to the chartered vessel, for certain expenses, and for charter hire.

Libellant, Graig, now moves for an order directing:

1. That libellant and respondents proceed to arbitrate at London, England, under the terms of the charter party any dispute now existing between them under the said charter party;

2. That this action be stayed until said arbitration has been completed; and

3. That this court retain jurisdiction and the security attached pending the outcome of the arbitration to enter its decree upon the award.

In opposition to this motion, respondents claim that libellant has waived its rights to arbitration by its conduct in this action and in a related action in the United States District Court for the Northern District of Illinois. In reply, libellant argues that any proceedings that have taken place either in this court or in Illinois were directed toward obtaining security for libellant's claim and as such do not prejudice its right to arbitration.

Examination of the facts reveals that on September 1, 1965, Graig filed a libel against Midland Overseas in personam in the United States District Court for the Northern District of Illinois (hereinafter "the Illinois action"). On September 2, 1965, libellant moved in the Illinois action for the production of certain documents, which were produced on September 3, 1965 pursuant to court order. It appears that the documents were sought in order to determine whether any lien to the benefit of libellant existed as to the cargo aboard the chartered vessel, but in an affidavit in support of the said motion Joseph Keig, Jr.,

a member of Spray, Price, Hough, & Cushman, proctors for libellant in the Illinois action, stated:

"Your deponent submits that it is essential to libellant's preparation of its case for trial and for the preparation of libels in other ports that it obtain from the respondents the discovery of copies of documents referred to in its said Notice of Motion."

Then, on September 8, 1965, libellant moved further in the Illinois action for an order requiring two officers of Midland Overseas to appear for depositions and to produce certain records. On September 9, 1965, the court ordered the examination of one officer and the production of documents on September 10, 1965. An examination of Midland Overseas' vice-president was held on that date and, according to libellant, was directed toward obtaining information relating to security for libellant's claim.

The scene then shifted to New York. On September 10, 1965 libellant brought the instant libel in personam with writ of foreign attachment issued to four companies at their New York offices. Garnishees' returns were served, and pursuant thereto libellant accepted a bond, dated September 20, 1965, for $23,312.68, the amount attached in the hands of one garnishee, and an underwriter's letter of guarantee, dated January 17, 1966, for $826.25, the amount attached in the hands of another garnishee. On September 21, 1965 respondents served a notice of appearance in this court but have not answered.

Meanwhile, on September 20, 1965, libellant notified respondents that it had appointed Mr. Richard Arthur Clyde of 15 Lime Street, London, England as its arbitrator. Needless to say, respondents have not appointed their arbitrator. Activity in the Illinois action also continued. On October 28, 1965 respondent Midland Overseas filed its answer. Then, on November 24, 1965, a pre-trial conference was held at which libellant demanded arbitration and respondent claimed waiver. On February 9, 1966 another pre-trial conference was held in Illinois; how-

ever, it was adjourned to April 6, 1966 because of the present motion.

 It appears to this court that, in determining whether libellant has waived arbitration, the present action and the Illinois action must be considered together. Whatever libellant's motives for bringing the two actions may have been, the actions concern the same dispute for which arbitration is sought. It is clear that the mere filing of a libel does not constitute a waiver of arbitration. Chatham Shipping Co. v. Fertex Steamship Corp., 352 F.2d 291 (2nd Cir. 1965). The determinative question on this motion, therefore, is whether libellant had waived arbitration before it made its demand on September 20, 1965.

Before September 20th, aside from filing two libels, libellant utilized discovery procedures in the Illinois action by requesting and receiving production of certain documents and by taking the deposition of Midland Overseas' vice-president. Libellant contends that these procedures were used solely to obtain information relating to security for libellant's damages. That may be the case, but the record does not clearly manifest such an intention. Rather, the record shows the statement in an affidavit in support of the September 2, 1965 motion for the production of certain documents that production is "essential to libellant's preparation of its case for trial."

◼ It is clear that a libellant may not invoke arbitration and yet seek pre-trial discovery going to the merits. Penn Tanker Co. of Del. v. C. H. Z. Rolimpex, Warszawa, 199 F.Supp. 716 (S.D.N.Y.1961). While 9 U.S.C. § 8 contemplates that a party to an arbitration agreement may bring a libel to obtain the benefit of security by attachment, The Sydfold, 25 F.Supp. 662 (S.D.N.Y.1938), that section does not give a libellant the unrestricted privilege of utilizing pre-trial procedures. While it may be permissible to allow a libellant discovery of information related to security, any attempt to go to the merits and to retain still the right to arbitra-

tion is clearly impermissible. Libellant, as I have said before, contends here that it did not intend and has not gone to the merits, but the record does not so indicate. Libellant, I believe, should be bound here by the objective manifestation of the record, which is that discovery going to the merits was sought.

Motion denied.

So ordered.