Merrimack,
No. 5651.

SECOND CONGREGATIONAL SOCIETY

*v.*

HUGH STUBBINS AND ASSOCIATES.

Argued September 8, 1967.
Decided January 30, 1968.

*Orr & Reno* and *Charles F. Leahy* ( *Mr. Leahy* orally ), for the plaintiff.

*Wyman, Bean & Tefft* ( *Mr. Stanton E. Tefft* orally ), for the defendant.

LAMPRON, J. The rights and obligations of the parties are governed by a contract, clause 12 of which reads as follows: "Arbitration — All questions in dispute under this agreement shall be submitted to arbitration at the choice of either party, in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of the American Institute of Architects." The validity of such a clause is recognized by RSA 542:1.

RSA 542:2 provides as follows:

"STAY OF PROCEEDINGS BROUGHT IN VIOLATION OF ARBITRATION AGREEMENTS. If any suit or proceeding be brought upon any issue referable to arbitration under such an agreement in writing for arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." See U.S.C. Tit. 9, *s.* 3.

It is well established that the right to arbitrate a contract may be waived. *Redlon Company* v. *Corporation,* 89 N. H. 137, 139; *Landreth* v. *South Coast Rock Co.,* 136 Cal. App. 457, 461; *Cornell & Company* v. *Barber & Ross Company,* 360 F. 2d 512, 513 ( D. C. Cir. 1966 ); 5 Am. Jur. 2d, Arbitration and Award, *s.* 51, *p.* 556. "Any conduct of the parties inconsistent with the notion that they treated the arbitration provision as in effect, or any conduct that might be reasonably construed as

showing that they did not intend to avail themselves of such a provision, may amount to a waiver" thereof. 5 Am. Jur. 2d, *supra,* 557; Annots. 117 A.L.R. 301, 304 and 161 A.L.R. 1426, 1428.

Whether or not a party has waived its right to arbitration is ordinarily a question of fact for the Trial Court to be determined from the particular circumstances of the case. *Schwartz* v. *Leibel,* 249 A.C.A. (Cal. App.) 878, 880; *Brunzell Const. Co.* v. *Harrah's Club,* 62 Cal. Rptr. 505, 514; 5 Am. Jur. 2d *supra,* 557. If a party is found to have waived its right to arbitration it is necessarily "in default in proceeding with such arbitration" within the terms of RSA 542:2 and is not entitled to a stay of "the trial of the action." *American Locomotive Co.* v. *Chemical Research Corp.,* 171 F. 2d 115, 121 (6th Cir. 1948); *Cornell & Company* v. *Barber & Ross Company,* 360 F. 2d 512, 513 (D.C. Cir. 1966).

Plaintiff instituted the present action by writ dated April 1, 1965, served on the defendant April 2, and returnable May 4, 1965. On May 10, 1965, counsel for defendant entered a general appearance, a reservation of rights (not material here) and a "motion to dismiss and plea in bar" which sought dismissal of plaintiff's action on the ground that it was barred by the statute of limitations. RSA 508:4. This motion was heard June 7, 1965 and denied on July 2, 1965.

Meanwhile plaintiff had brought an action against the defendant in Massachusetts on one of the counts contained in its action in this state. Defendant filed a motion to have the action here dismissed on that account. At a hearing on this motion, on October 21, 1965, defendant took the position before the Court that it wanted plaintiff to elect whether its claim was to be adjudicated in this state or in Massachusetts. "All I ask is that the plaintiff be compelled to elect . . . . We feel that the plaintiff is certainly entitled to his day in Court . . . . I feel . . . the Court in this action has the right to tell the plaintiffs to pick their forum and try their case . . . . All we want to do is to try the case in one place or the other." Defendant's motion to dismiss was denied December 10, 1965.

By motion dated January 5, 1966, plaintiff requested consolidation of its action with a related action it had brought against

a roofing concern which worked on its building. This motion was granted on January 24, 1966 "when neither the defendant nor said A. W. Therrien Company, Inc. [roofing concern] objected" according to the reserved case before us.

On March 3, 1966, defendant requested for the first time a stay of the trial of plaintiff's action until arbitration could be had as provided by RSA 542:2. Defendant's exception to the denial of this motion is the sole issue involved in this appeal.

Delay in moving for an arbitration will not alone amount to a default under RSA 542:2. *Almacenes Fernandez, S. A.* v. *Golodetz,* 148 F. 2d 625, 628 (2d Cir. 1945); *Lumbermens Mut. Cas. Co.* v. *Borden Co.,* 268 F. Supp. 303, 313 (S. D. N. Y. 1967). However "any attempt to go to the merits and to retain still the right to arbitrate is clearly impermissible." *Graig Shipping Co.* v. *Midland Overseas Shipping Corp.,* 259 F. Supp. 929, 931 (S.D. N.Y. 1966).

The general nature of plaintiff's action was apparent from the declaration contained in its writ filed in court on or before the first Tuesday of May 1965. When the defendant filed its general appearance thereto, on May 10, 1965, "it could easily determine then whether it wanted arbitration or a trial." *American Locomotive Co.* v. *Chemical Research Corp.,* 171 F. 2d 115, 121 (6th Cir. 1948). However it chose not to apprise plaintiff at that time, or for almost 10 months thereafter, of its intention to arbitrate. On the contrary, it filed several pleadings which could be found inconsistent with its right and intention to arbitrate. See *Gagnon* v. *Croft Manufacturing Company,* 108 N. H. 329. *Cf. Robert Lawrence Company* v. *Devonshire Fabrics,* 271 F. 2d 402 (2d Cir. 1959).

The Trial Court could properly find that "the litigation machinery had been substantially invoked and the parties were well into the preparation of a lawsuit by the time . . . an intention to arbitrate was communicated by the defendant to the plaintiff." *Barber & Ross Company* v. *Cornell & Company,* 242 F. Supp. 825, 826 (D.D.C. 1965); *Cornell & Company* v. *Barber & Ross Company,* 360 F. 2d 512, 513 (D.C. Cir. 1966). The Trial Court's findings that the defendant had waived its right to arbitration and was "in default" under RSA 542:2, implied in the denial of its motion to stay trial of plaintiff's action until

arbitration has been held, were warranted by the evidence and the Trial Court's order is sustained. *Sawday* v. *Vista Irr. Dist.,* 64 Cal. 2d 833.

*Exception overruled.*

GRIFFITH, J., did not sit; the others concurred.