Belknap
No. 7618

WILLIAM R. TOTHILL

v.

RICHEY INSURANCE AGENCY, INC.

RICHEY INSURANCE AGENCY, INC.

v.

WILLIAM R. TOTHILL

May 31, 1977

450

*Paul A. Rinden,* of Concord, and *Jay M. Niederman,* of Manchester (*Mr. Rinden* orally), for the plaintiff William R. Tothill.

*Frederick T. Greenhalge,* of Concord, by brief and orally, for the defendant Richey Insurance Agency, Inc.

KENISON, C.J. These are consolidated actions arising out of an employment contract between the parties. In October 1974, the plaintiff, William Tothill, agreed to work for the defendant for one year as vice-president and general manager. The employment contract provided that either party could terminate the relationship "[w]ith cause." Additionally, paragraph 10 provided that all disputes shall be settled by arbitration in the following manner: "Either party may serve upon the other party by registered mail a written demand that the dispute, specifying the nature thereof, shall be submitted to arbitration. Within five (5) days after the service of such demand, the parties may mutually designate in writing a single arbitrator and the decision of such arbitrator made in writing and under oath shall be final and binding upon the parties hereto. If within this five day period the parties have not mutually designated a single arbitrator, then within five (5) days thereafter each of the parties hereto shall appoint an arbitrator and serve written notice by registered mail of such appointment upon the other party. If either party fails within the specified time to appoint such arbitrator and to serve notice in writing of such appointment, the other party shall be entitled to appoint both arbitrators. The decision of the two arbitrators made in writing and under oath shall be final and binding upon the parties hereto."

In December 1974, the defendant discharged the plaintiff. A letter dated January 6, 1975, informed plaintiff that the cause of his termination was mismanagement. In this letter the defendant requested that the dispute be submitted to arbitration pursuant to the contract. However, neither party took any steps, as outlined in the arbitration paragraph, to begin arbitration. Instead, on

March 17, 1975, the plaintiff filed a suit for damages for wrongful termination and attempted to attach defendant's property. About nine days later the defendant filed a motion to dismiss on the ground that the dispute required arbitration. Before the superior court decided the question, however, the defendant filed its own suit seeking damages for the plaintiff's allegedly negligent performance of his employment duties and for his refusal to arbitrate. On February 12, 1976, after participating in some pretrial procedures, including discovery, the defendant renewed its motion to dismiss, which Master *Leonard C. Hardwick* granted. *Batchelder,* J., approved the master's recommendation and reserved and transferred the plaintiff's exception to this court. The merits of the termination of plaintiff's services are not now before us, only the question of whether plaintiff's suit was properly dismissed because of the arbitration clause.

 The plaintiff argues that the defendant terminated his employment without prior resort to arbitration on the issue of "cause," that such action constituted a repudiation of the whole contract and that the defendant should therefore be precluded from relying upon the arbitration provision contained therein as a basis for dismissing the plaintiff's suit. He relies upon *Bertero v. Superior Court,* 216 Cal. App. 2d 213, 30 Cal. Rptr. 719 (1963), in which an employer sought dismissal of the employee's suit for wrongful discharge on the ground that the employment contract required arbitration of such disputes. In its letter discharging the employee, the employer totally and unequivocally repudiated the entire contract. The court held that where the employer "[declared] its independence [of the contract] without qualification or reservation," *id.* at 220, 30 Cal. Rptr. at 724, it waived its right to compel arbitration under the contract's arbitration provisions. *Bertero* is distinguishable, however, because the defendant in this case discharged the plaintiff pursuant to paragraph 6, the contract's termination provision. *See* 6A A. Corbin, Contracts § 1443, at 433–34 (1962). The defendant neither denied the validity of the contract nor repudiated any part of it.

 Even if the defendant's method of discharge did constitute a partial repudiation, there is substantial authority holding that the repudiator may still invoke the arbitration clause as a "defense" to a lawsuit arising out of the repudiation. Annot., *Breach or Repudiation of Contract as Affecting Right to Enforce*

*Arbitration Clause Therein,* 32 A.L.R.3d 377, 382 (1970). In other words, the right to compel arbitration survives the termination of the contract. *Nolde Bros. Inc. v. Local No. 358,* 430 U.S. 243 (1977).

■ The plaintiff next contends that the defendant waived its right to compel arbitration. It is clear that the right may be waived. M. Domke, Commercial Arbitration § 19.01, at 179 (1968). " 'Any conduct of the parties inconsistent with the notion that they treated the arbitration provision as in effect, or any conduct that might be reasonably construed as showing that they did not intend to avail themselves of such a provision, may amount to a waiver' thereof." *Second Congregational Society v. Stubbins & Assocs.,* 108 N.H. 446, 447–48, 237 A.2d 673, 674 (1968).

■ Plaintiff takes the position that the defendant's failure to select arbitrators in accordance with the contract timetable constitutes waiver. Under the contract terms, the defendant could have chosen two arbitrators upon the plaintiff's default in selecting his own. However, nothing in the contract required the defendant to do so. Nor does the contract suggest that the absence of affirmative action beyond the original demand for arbitration constitutes a waiver of the demanding party's right to compel arbitration. M. Domke, *supra* at 180. The burden of invoking arbitration is upon the party asserting the claim; failure of the defensive party to carry through with the proceedings will usually not preclude him from asserting his rights. *See* Annot., *Delay in Asserting Contractual Right to Arbitration as Precluding Enforcement Thereof,* 25 A.L.R.3d 1171, 1187–88 (1969).

■ Finally, the plaintiff argues that waiver may be implied from the defendant's litigation activities. "The crucial question, of course, is what degree of participation by the defendant in the action will create a waiver [of the right to compel arbitration]." *De Sapio v. Kohlmeyer,* 35 N.Y.2d 402, 405, 321 N.E.2d 770, 772 (1974). In seeking to prevent attachment of its assets, the defendant waived nothing because the purpose of such actions was to preserve the status quo and prevent irreparable harm while awaiting arbitration. 6A A. Corbin, *supra* at 443. Moreover, the defendant raised its right to arbitrate as a "defense" to the attachment proceedings.

The only activity that might be construed as inconsistent with the assertion of the right to arbitrate was the filing of a counter-

454

claim. "[A] counterclaim advanced in a court action may be considered a waiver of arbitration," but the principle is sound "only as a generalization." M. Domke, *supra* at 181. In *De Sapio v. Kohlmeyer*, 35 N.Y.2d 402, 321 N.E.2d 770 (1974), the Court of Appeals of New York held that a defendant who set up a counterclaim, gave notice of trial and procured an order for the taking of a deposition in preparation for trial, waived his right to compel arbitration. If the facts of this case were more similar to *De Sapio*, we would be inclined to follow it. Here, however, the defendant repeatedly and consistently asserted its right to arbitrate. One month before filing the counterclaim, the defendant moved to dismiss the plaintiff's suit because the issues in his case had to be arbitrated. The counterclaim itself contains a count seeking damages for the plaintiff's refusal to arbitrate. In a February 12, 1976 motion, the defendant renewed its efforts to have the litigation dismissed because of the arbitration clause. Finally, after a hearing on June 10, 1976, at which the defendant raised the arbitration issue again, the master granted the motion to dismiss. At no time did the defendant answer on the merits, *Graig Shipping Co. v. Midland Overseas Shipping Corp.*, 259 F. Supp. 929 (S.D.N.Y. 1966), or allow the case to go to the merits. *Redlon Company v. Corporation*, 89 N.H. 137, 195 A. 348 (1937). The purpose of the discovery was to ascertain the plaintiff's assets, not to prepare for a trial on the merits. *See Zimmerman v. Cohen*, 236 N.Y. 15, 139 N.E. 764 (1923). Also, the use of discovery would not have interfered with arbitration. 44 U. Cin. L. Rev. 151 (1975).

Waiver requires a finding of an actual intention to forego a known right. *American Ins. Co. v. Nationwide Mut. Ins. Co.*, 110 N.H. 192, 270 A.2d 907 (1970). Whether a party has waived its right to arbitrate is usually a question of fact for the trial court to decide. *Second Congregational Society v. Stubbins & Assocs.*, 108 N.H. at 449–50, 237 A.2d at 675–76; *see* Annot., 26 A.L.R. 3d 604 (1969). Under the circumstances of this case, we cannot say as a matter of law that the defendant's conduct manifested an affirmative acceptance of the judicial forum and thereby constituted waiver; the trial court's order is thus sustained.

*Exception overruled.*

All concurred.