Rockingham
No. 78-025

BRIAN BABCOCK, d/b/a
"THE BRIAN BABCOCK EXPERIENCE" BAND, &a.

v.

SOL CORPORATION OF MAINE
SOLIMAN S. NEGM, PRESIDENT

May 9, 1978

*Flynn, McGuirk & Blanchard*, of Portsmouth (*Stephen L. Tober* orally), for the plaintiff.

*Shaines, Madrigan & McEachern P.A.*, of Portsmouth (*Gregory D. Robbins* by brief), for the defendant.

DOUGLAS, J.    In this action in assumpsit to recover on an employment contract, plaintiff appeals from the trial court's grant of defendant's motion to dismiss.

On February 11, 1975, the plaintiff agreed to perform at the defendant's night club in Lewiston, Maine, over a period of five days, from February 17, 1975, through February 25, 1975. The contract included a clause that provided that the parties would submit "every claim, dispute, controversy or difference involving the musical services arising out of or connected with [the] contract and the engagement covered thereby" to binding arbitration by the American Federation of Musicians.

On March 17, 1975, plaintiff brought suit in the Rockingham County Superior Court alleging that the defendant failed to make payment under the contract. Not until January 15, 1976, when it filed answers to interrogatories, did the defendant move to dismiss on the ground that a court action was barred because the contract bound the parties to arbitrate.

In the interim, the plaintiff's manager wrote a letter to the Boston-based union seeking assistance in obtaining payment. Subsequently, the local union in Lewiston, Maine, directed the defendant to appear before its executive board. On April 3, 1975, one day after its counsel entered a general appearance with the superior court, the defendant appeared before the Lewiston board. Plaintiff was not in attendance at this hearing. The union has issued no order, nor has it taken any further action to effect arbitration.

Defendant's motion to dismiss was heard in November 1976. Plaintiff asserted that he had no notice of the Lewiston hearing and that he never requested arbitration because he believed that the defendant would not be bound by an arbitration award. He argued that his letter of complaint to the union was not meant to trigger arbitration, but was merely advisory for the Federation's guidance in future relations with the defendant. The Trial Court (*Goode,* J.) rejected

this argument and found that the plaintiff had waived his right to bring suit by accepting the arbitration clause, that the complaint letter was intended to initiate the necessary arbitration proceedings, and that an arbitration hearing was conducted.

Plaintiff contends that, because the defendant delayed in the assertion of its arbitration rights until after the court action had been commenced, and the case had progressed, the defendant may not invoke arbitration as a bar. The burden of invoking arbitration is upon the party asserting the claim. *Tothill v. Richey Ins. Agency*, 117 N.H. 449, 453, 374 A.2d 656, 658 (1977). Delay is a factor in finding, but alone does not constitute, waiver of an arbitration clause. *See Second Congregational Soc'y v. Hugh Stubbins and Assocs.*, 108 N.H. 446, 449, 237 A.2d 673, 675 (1968). A defendant's delay in asserting his arbitration rights is significant toward determining whether his participation in a lawsuit manifests affirmative acceptance of the judicial forum. *See Tothill v. Richey Ins. Agency*, 117 N.H. at 453, 374 A.2d at 658. Whether a defendant's conduct constitutes a waiver is a question of fact for the trial court, to be determined from the particular circumstances of the case. *Id.* at 454, 374 A.2d at 659; *Second Congregational Soc'y v. Hugh Stubbins and Assocs.*, 108 N.H. at 448, 237 A.2d at 674. We cannot say as a matter of law that the trial court erred in not finding that the defendant had waived its right to compel arbitration simply because ten months had elapsed between institution of the suit and the simultaneous filing of interrogatory answers with the motion to dismiss.

Plaintiff argues that a dismissal would effectively preclude all relief. He points to the general rule that the right to arbitration does not survive the expiration of the contract that created the right. Annot., 5 A.L.R.3d 1008, 1009 (1966). Thus, he argues, the defendant would not be bound by an arbitration award because the arbitration process would not have been invoked before completion of plaintiff's performance under the contract. Nevertheless, we have recognized that under certain circumstances, the right to compel arbitration survives the termination of a contract. *Tothill v. Richey Ins. Agency*, 117 N.H. at 453, 374 A.2d at 658. The court's inquiry should focus on the intent of the parties in agreeing to the arbitration clause. *See Griswold v. Heat Co.*, 108 N.H. 119, 123, 229 A.2d 183, 186 (1967). In this case, the general rule would require the arbitration process to be invoked during the five-day term of the contract. Because the defendant's performance was not due until the end of the plaintiff's engagement, the plaintiff would be deprived of

any opportunity to arbitrate. Considering the breadth of the contract language, we do not believe that the parties intended to so narrowly circumscribe their arbitration rights. *Cf. Nolde Bros. v. Local 358, Bakery & Confectionery Workers*, 430 U.S. 243 (1977). *See generally* E. Johnson, Jr., V. Kantor & E. Schwartz, *Outside the Courts*, 39 (National Center for State Cts. 1977).

Hence the arbitration clause here survived the contract. However, the trial court should have given the parties an opportunity to stay the proceedings pending the result of arbitration. RSA 542:2. If the arbitrator finds for the defendant, then the motion to dismiss may be granted. Otherwise, the trial court may make an appropriate award. RSA 542:8. We vacate the trial court's order and remand for further proceedings.

*So ordered.*

All concurred.