Hillsborough
No. 82-021

DEMERS NURSING HOME, INC.

v.

R. C. FOSS & SON, INC.

August 17, 1982

*Emile R. Bussiere P.A.*, of Manchester (*James M. Warren* on the brief and orally), for the plaintiff.

*Orr & Reno P.A.*, of Concord (*John A. Malmberg* on the brief and orally), for the defendant.

BOIS, J. The plaintiff, Demers Nursing Home, Inc., brought an action at law claiming failure on the part of the defendant, R. C. Foss & Son, Inc., to perform according to the terms of their construction contract. The defendant filed a motion to dismiss, alleging that the contract compelled the parties to submit the claim to arbitration. The Trial Court (*Flynn*, J.) granted the motion, and the plaintiff appealed to this court. We affirm.

In 1978, the parties entered into an agreement entitled "Standard Form of Design-Build Agreement Between Owner and Contractor," prepared by the Associated General Contractors of America. According to the terms of the contract, the defendant was to construct a nursing home. Article 16 of the contract provided for the submission to arbitration of all claims arising out of or relating to the contract.

The construction work was substantially completed and the nursing home was occupied in March 1979. Shortly thereafter, defects in the construction were discovered which required corrective work by the defendant company. Severe problems developed with the heating system, and finally on January 19, 1981, the plaintiff requested that the defendant take the necessary steps to repair the defects.

The defendant responded to the plaintiff's request by a letter dated January 26, 1981. Although this letter is not technically part of the record, we will consider its contents because the plaintiff included a copy of the letter in its notice of appeal, and because both parties referred to the letter in their briefs. The defendant stated in the letter that it had fully complied with its contractual obligations and that the warranty period had expired. The letter further contained a request by the defendant that it be allowed to send a representative to observe the plaintiff's alleged problems "in anticipation of the arbitration . . . which I [the defendant] presume[s] you [the plaintiff] will undertake. . . ." Following receipt of the letter, the plaintiff hired other contractors to perform the corrective work and notified the defendant of this development. The defendant did not send a representative to observe the work that was being done.

The plaintiff brought suit in superior court in July 1981. The defendant filed a motion to dismiss on August 31, 1981, and a hearing thereon was held by the court on November 23, 1981. A formal demand for arbitration was filed by the defendant with the American Arbitration Association on December 8, 1981. The court granted the motion to dismiss on December 10, 1981.

On this appeal, the plaintiff argues that arbitration statutes presuppose the existence of a valid and enforceable contract at the time arbitration is sought. Accordingly, the plaintiff contends that arbitration is precluded in this case because the instant contract had allegedly expired at the time the defendant filed its request for arbitration.

We have recognized that the right to arbitration does not generally survive the expiration of the contract creating that right.

*Babcock v. Sol Corp.*, 118 N.H. 340, 342, 386 A.2d 1259, 1261 (1978). However, a contractual provision creating a right to arbitration remains subject to the traditional principles of contract law, and its interpretation and construction is therefore a question of law for the court. *See Dunn & Sons, Inc. v. Paragon Homes of New Eng., Inc.*, 110 N.H. 215, 217, 265 A.2d 5, 7 (1970); *see also Murphy v. Doll-Mar, Inc.*, 120 N.H. 610, 611, 419 A.2d 1106, 1108 (1980). We have held that under certain circumstances the right to compel arbitration does in fact survive the termination of the contract that created the right. *See, e.g., Babcock v. Sol Corp.*, 118 N.H. at 342–43, 386 A.2d at 1261; *Tothill v. Richey Ins. Agency, Inc.*, 117 N.H. 449, 453, 374 A.2d 656, 658 (1977). In these circumstances, "[t]he court's inquiry should focus on the intent of the parties in agreeing to the arbitration clause." *Babcock v. Sol Corp.*, 118 N.H. at 342, 386 A.2d at 1261.

Because no testimony was presented at the hearing on the motion to dismiss, we must examine the language of Article 16 of the contract to determine the intent of the parties in agreeing to the arbitration clause. *See Dunn & Sons, Inc. v. Paragon Homes of New Eng., Inc.*, 110 N.H. at 217, 265 A.2d at 7. Article 16 provides in pertinent part as follows:

> "16.1 All claims, disputes and other matters . . . arising out of, or relating to, this Agreement *or the breach thereof,* except with respect to the Architect/Engineer's decision on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of Final Payment shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association . . . .
>
> 16.2 Notice of the demand for arbitration shall be filed . . . within a reasonable time . . . and in no event shall it be made after the date when institution of legal or equitable proceedings based on such claim . . . would be barred by the applicable statute of limitations."

(Emphasis added.)

In light of the language requiring arbitration for all matters "relating to . . . the breach" of the contract, we hold that Article 16 reveals the parties' intention to have the right to arbitration survive the completion of performance of the contract. This holding, moreover, is supported by Professor Williston, who has stated that an arbitration clause drafted by the American Arbitration

Association which contains language parroting the language of Article 16 applies to future as well as existing disputes. 16 WILLISTON ON CONTRACTS § 1919A, at 168 & n.10 (3d ed., Jaeger, 1976).

■ We disagree with the plaintiff's argument that the purpose of arbitration is only to settle those disputes arising during construction and that the allowance of arbitration after the expiration of a contract deprives parties of their right to access to the courts. On the contrary, the purpose of arbitration is to obtain a speedy and inexpensive resolution of a dispute before arbitrators of the parties' choice, thereby foregoing the ordinary process of the law. *See Franklin Needle Co. v. Labor Union*, 99 N.H. 101, 103, 105 A.2d 382, 384 (1954); *John A. Errichetti Assoc. v. Boutin*, 439 A.2d 416, 420 (Conn. 1981). "[A]rbitration is a matter of contract and its very purpose is to avoid the courts insofar as the resolution of a dispute is concerned." 6 C.J.S. *Arbitration*, § 2, at 160.

The plaintiff argues, in the alternative, that if we hold that the provisions for arbitration survived the completion of the contract, then the defendant waived its right to arbitration by its delay in asserting such a right.

■ We agree with the plaintiff that the burden of invoking the right to arbitration is upon the party asserting the right and that delay in so doing may preclude the enforcement of this right. *See Babcock v. Sol Corp.*, 118 N.H. at 342, 386 A.2d at 1260–61. Nevertheless, we have stated that:

> "Waiver requires a finding of an actual intention to forego a known right. Whether a party has waived its right to arbitrate is usually a question of fact for the trial court to decide."

(Citations omitted.) *Tothill v. Richey Ins. Agency, Inc.*, 117 N.H. at 454, 374 A.2d at 659. As mentioned above, the defendant advised the plaintiff, on January 26, 1981, that it anticipated the initiation of arbitration proceedings. Shortly after the entry of the writ in this action, the defendant sent the plaintiff a notice of demand for arbitration. In addition, the defendant's motion to dismiss clearly indicated the company's desire to seek arbitration. In view of these facts, and the lack of evidence indicating that the defendant actually intended to forego its right to arbitration, we hold that the record would not support a finding of waiver.

■ ■ Furthermore, we hold that the trial court implicitly rejected the plaintiff's waiver argument because, "in the absence of specific findings, a court is presumed to have made all findings necessary to support its decree." *Burns v. Bradley*, 120 N.H. 542,

546, 419 A.2d 1069, 1072 (1980) (quoting *Lepage v. L'Heureux*, 119 N.H. 201, 202, 399 A.2d 977, 978 (1979)); *see Buxton v. Glennon*, 122 N.H. 674, 676, 448 A.2d 420, 421 (1982). Consequently, we cannot say as a matter of law that the trial court erred in granting the defendant's motion to dismiss.

*Affirmed.*

All concurred.