**KANSALLIS–OSAKE–PANKKI, Plaintiff,**

v.

**Pentti J. K. KOURI, Defendant.**

**No. 93 Civ. 0776 (RWS).**

United States District Court,
S.D. New York.

Aug. 18, 1994.

Milbank, Tweed, Hadley & McCloy (Charles G. Berry, B. Kelly Kiser, of counsel), New York City, for plaintiff.

Rosenman & Colin (Gerald A. Rosenberg, Barry Michael Okun, Kenneth C. Brown, Alyse Jacobson, of counsel), New York City, for defendant.

### OPINION

SWEET, District Judge.

Plaintiff Kansallis–Osake–Pankki ("KOP") has moved to stay this action against Defendant Pentti J. K. Kouri ("Kouri") and to compel arbitration in Finland of certain issues arising out of a July 25, 1991 settlement agreement between the two parties (the "Settlement Agreement"). For the reasons set forth below, KOP's motion to stay is granted in part and denied in part.

### The Parties, Prior Proceedings, and Facts

The relationship between the parties and the history of this dispute are recounted in the prior opinions of this Court issued on July 22, 1993, *see Kansallis–Osake–Pankki v. Kouri,* 150 F.R.D. 69 (S.D.N.Y.1993) (*"KOP I"*) (denying KOP's motions for declaratory and summary judgment), and on January 25, 1994, *see Kansallis–Osake–Pankki v. Kouri,* 93 Civ. 0776, 1994 WL 23230, 1994 U.S.Dist. LEXIS 601 (S.D.N.Y. Jan. 25, 1994) (*"KOP II"*) (denying KOP's motion to compel arbitration).

KOP seeks to recover damages for Kouri's alleged breach of a guarantee (the "Additional Guarantee") of September 19, 1991 of up to 16.8 million Finnish Marka ("FIM"). KOP has extended two guarantees to Kouri.

The first deficiency guarantee of up to FIM 21 million (the "First Guarantee") was executed on July 25, 1991, the same day the parties signed the Settlement Agreement. The second guarantee (the "Additional Guarantee") was extended on September 19, 1991, and is the guarantee upon which this action is based. *See KOP I*, 150 F.R.D. at 71. The Additional Guarantee Agreement does not contain an arbitration clause.

Based upon a finding that Kouri had raised sufficient factual issues as to whether his execution of the Additional Guarantee was without consideration due to KOP's alleged failure to perform upon the Settlement Agreement, this Court denied KOP's original motion for summary judgment. *KOP I*, 150 F.R.D. at 73.

In *KOP II*, this Court denied KOP's motion to stay pending the arbitration of the issue of performance under the Settlement Agreement and granted Kouri's cross-motion to compel KOP's filing of a complaint pursuant to Rule 7(a), Fed.R.Civ.P. At that time this Court noted that the denial of the stay did not resolve the "principal issue raise by the parties" which was whether KOP had waived its right to arbitrate in light of *Cotton v. Slone*, 4 F.3d 176, 179–80 (2d Cir.1993) ("*Cotton*"). *See KOP II*, 1994 WL 23230 at * 1–2, 1994 U.S.Dist. LEXIS 601 at * 3. The *KOP II* determined that should the action proceed, and Kouri presented counterclaims which are arbitrable pursuant to the Settlement Agreement, then the stay question would require revisitation.

Subsequent to *KOP II*, KOP duly filed a complaint to which Kouri answered. The answer included several counterclaims pursuant to the Settlement Agreement as well as the Additional Guarantee Agreement.

As a result of certain of Kouri's counterclaims, KOP in the present motion again seeks to stay these proceedings pending arbitration in Helsinki, Finland, pursuant to section 3 of the Federal Arbitration Act, 9 U.S.C. § 3. The question of whether KOP has waived its right to arbitration is now ripe for judicial review.

This motion was filed on May 4, 1994 and oral argument was heard on June 8, 1994, whereupon the motion was considered fully submitted.

### Discussion

■ The Second Circuit has emphasized that there is a strong presumption in favor of arbitration, *see Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir.1985), and that waiver of arbitration should not be "lightly inferred." *Carcich v. Rederi A/B Nordie*, 389 F.2d 692, 696 (2d Cir.1968).

■ In *Cotton v. Slone*, 4 F.3d 176 (2d Cir.1993), the Court of Appeals resolved that a finding of prejudice to the opposing party was a "prerequisite" to the determination that a party has waived its right to arbitrate. *Id.* at 180. The Court held that "sufficient prejudice to infer waiver" would be found when the proponent of arbitration has engaged in "discovery procedures not available in arbitration . . . makes motions going to the merits of an adversary's claims . . . or delays invoking arbitration rights while the adversary incurs unnecessary delay or expense." *Id.* at 179 (citations omitted).

The Settlement Agreement explicitly provides for arbitration in Helsinki of all claims concerning its content. (*See* Settlement Agreement § 8.) In contrast, the Additional Guarantee provides jurisdiction for disputes arising concerning that agreement in the Southern District of New York or any New York State Court sitting in New York City.[1] (*See* Additional Guarantee Agreement § 5.03.) In *KOP II*, this Court determined that claims arising out of the Additional Guarantee were not arbitrable while leaving open the possibility that claims arising out of the Settlement Agreement were not yet waived.

As there has been no significant decision as to the merits of this case, pleadings having only recently been filed, and little discovery having ensued, it appears that this is an appropriate time to bifurcate these proceedings. All claims and counterclaims pursuant to the Settlement Agreement, such as the Defendant's Third, Fourth, Sixth, Seventh

---

1. Parenthetically, this section of the Additional Guarantee Agreement also imposes a waiver for a trial by jury upon both parties. (Additional Guarantee Agreement § 5.03).

**16**

and Fourteenth Counterclaims, shall be subject to arbitration in Helsinki. However, this Court shall retain jurisdiction over all claims arising under the Guarantee Agreement, including the remaining Counterclaims.

Accordingly, the Plaintiff's motion to stay this action, under the terms of the Guarantee Agreement, pending arbitration in Helsinki, is denied.

**Conclusion**

For the reasons set forth above, the Plaintiff's motion to stay this action pending arbitration is denied in part and granted in part.

It is so ordered.